**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARVIN GABRION,

     Movant,

v

UNITED STATES OF AMERICA,

     Respondent.

<span style="color:red">FILED UNDER RESTRICTED ACCESS</span>

1:15-CV-00447

1:99-CR-76
Capital §2255 Proceedings

Honorable Robert Holmes Bell
U.S. District Judge

Movant Incarcerated at:
USP Terre Haute
Reg. No. 09184-055

**MOVANT'S REPLY TO GOVERNMENT'S RESPONSE**
**TO MOTION TO RESTRICT ACCESS**

Movant, Marvin Gabrion, through counsel, submits Movant's Reply to the Government's Response to the Motion to Restrict Access to the filing under 28 U.S.C. § 2255, and in support states:

The 2255 Motion filed in this case describes sensitive facts and issues, including mental health matters and questions regarding the performance of counsel.  Movant wishes to restrict access to the Motion and any response, at a minimum until the response is filed and Movant amends the Motion.  There is no compelling reason to litigate matters relating to the initial pleadings in this case.  In its response to Mr. Gabrion's motion, the Government argues two basic points. First, that there is no applicable rule allowing the Court to restrict access to his § 2255 motion, and second that the presumption of right to public access to court proceedings weighs in favor of disclosure. Each of these arguments is unavailing and Mr. Gabrion contends that this

Court should exercise its discretion to maintain these documents under the Court's protection.

## The Rules Governing § 2255

The Government's argument that there is no applicable rule allowing this Court to restrict access to Mr. Gabrion's filing can be easily dispensed.  Rule 12 of the Rules Governing Section 2254 and 2255 cases states that "[t]he Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." However, Rule 12 does not mandate the use of any particular rule, and the court "need not rigidly apply rules which would be inconsistent or inequitable in the overall framework of habeas corpus" and instead the rule merely "permits application of the civil rules only when it would be appropriate to do so." Advisory Committee Note to Rule 12. *See also*, *U.S. v. Frady*, 456 U.S. 152, 166, footnote 15 (1982).

As the Government correctly points out, there is no directly applicable rule and therefore, this Court is free to exercise its discretion and proceed in any manner which it deems appropriate.

## The Balance Weighs in Favor of Restricted Access

The Government states broadly that because a strong presumption in favor of access to judicial records exists, "it is common for a Section 2255 movant to be denied the right to seal his petition." Gov. Resp. at 4. What the Government fails to do is provide any support for this position, other than one unreported district court case from the Southern District of Ohio in 2005. *Wiant v. U.S.*, 2005 WL 1651716 (S.D. Ohio

2005). Though the Supreme Court has consistently recognized that the public and press have a presumptive right of access to all judicial proceedings in a criminal case, the Supreme Court has not directly addressed whether the public also has a constitutional right of access to civil cases generally, or to habeas corpus proceedings in particular.

In *Wiant*, the Petitioner sought to seal all matters and documents related to his § 2255 petition. As his grounds, the Petitioner stated he had been sought for interviews by numerous news outlets and that the news reports in his case had biased his case before the court and negatively affected his family. The Court, without citing any directly applicable case discussing a habeas claim, cited a number of Supreme Court cases discussing the right to open public trial proceedings. The district court's reasoning forms the basis of the Government's Response and is reproduced almost in its entirety therein.

Factually, the cases cited by *Wiant* and the Government are a poor fit for a habeas case. The cases address, in chronological order, the right of the public to access Presidential materials[1], the right of public access to trial of a criminal case[2], the right of public access to *voir dire* examination of potential jurors[3], and the right of the public to access to pre-trial proceedings[4]. The rulings in these cases rest on the public's interests in oversight of public agencies and news reporting on the operation of the Government[5], the community therapeutic value of open trials and prevention of vigilante justice[6], First Amendment rights of assembly[7], and public assurance of a fair trial[8].

---

[1] *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978);
[2] *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980);
[3] *Press-Enterprise Co. v. Superior Court of Cal.* (*Press Enterprise I),* 464 U.S. 501 (1984);
[4] *Press-Enterprise Co. v. Superior Court of Cal. (Press Enterprise II)*, 478 U.S. 1 (1986);
[5] *Warner Communications*, *supra* at 599;
[6] *Richmond Newspapers, supra* at 570-71

The relitigation of claims in 2255 proceedings is very different, with substantially different interests than the trial. Whereas a trial is primarily a determination of guilt or innocence, "[t]he writ of habeas corpus is a procedural device for subjecting executive, judicial, or private restraints on liberty to judicial scrutiny. Where it is available, it assures among other things that a prisoner may require his jailer to justify the detention under law... this high purpose has made the writ both the symbol and guardian of individual liberty." *Peyton v. Rowe*, 391 U.S. 54, 58 (1968). Whether the same concerns voiced by the Supreme Court in its analyses of criminal trials would be implicated in habeas claims or not is an open question.

However, even assuming the right of access would apply, that right is not absolute. The ultimate balancing comes down to "the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *U.S. v. Beckham*, 789 F.2d 401, 409 (6th Cir. 1986), *quoting*, *Nixon v. Warner Communications,* 435 U.S. 589, 599 (1978). The Court must weigh the interests of the parties against the public interest. *U.S. v. Beckham*, 789 F.2d 401, 409 (6th Cir. 1986).

The Government posits that the presumption applies in this case because the public has great interest in this case and that it presents the public with an opportunity to learn about the judicial process. Gov. Resp. at 4. The Government overlooks the overriding and compelling reason for which Mr. Gabrion seeks to have the motion sealed, the inclusion of his family's private and sensitive records and health information. As criminal courts well recognize, there is no unqualified right or public interest in the

---

[7] *Id.* at 578
[8] *Press-Enterprise*, 464 U.S. at 508

protected health information of others. This is a principal the federal criminal courts well recognize. For example, presentence investigation reports are routinely sealed docket entries available only to the parties. Local Criminal Rule 32.2(c) The precise type of information that Mr. Gabrion seeks to protect here is the type protected in presentence investigation reports.

Mr. Gabrion's trial record is open to the public. The hearings at the trial court and the court of appeals were open to the public. Mr. Gabrion has not asked for any hearing on the motion to be closed. Mr. Gabrion simply asks for the opportunity to protect the highly sensitive health information and records of his family. The interest in protected and private health information outweighs the public interest in the notoriety of Mr. Gabrion's case. His request to protect allegations regarding the performance of counsel is simply a courtesy at this stage of the proceedings.

## Alternatives within the Court's Discretion

Mr. Gabrion has requested that his petition be filed under restricted access. If the request is granted, all pleadings should be filed under restricted access. However, if the Court disagrees, alternate forms of relief might be appropriate. The filing of an answer under restricted access would allow an amendment and evaluation of the amendment with a degree of appropriate privacy. Another alternative would be allow Mr. Gabrion to redact the Motion to reference individuals with initials or other identifiers that will protect the identity of individuals. The Court and the government would know the full name of the people involved from the original filing.

## Conclusion

WHEREFORE, in light of the foregoing, counsel respectfully asks the Court to grant Mr. Gabrion's request for leave to file and enter an Order allowing Mr. Gabrion's Petition to be held under restricted access and, in the alternative, grant other relief that the Court determines to be appropriate.


Date:  May 7, 2015                        By: /s/ *Scott Graham*
                                                Scott Graham
                                                Attorney for Movant
                                        Business Address:
                                                SCOTT GRAHAM PLLC
                                                1911 West Centre Avenue, Suite C
                                                Portage, Michigan 49024
                                                (269) 327.0585


IT IS SO ORDERED


DATE: _____

                                        _____
                                        Robert Holmes Bell
                                        U.S. District Judge

6