UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN GABRION,

       Movant,

                              Case No. 1:15-CV-447

v.

                              HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.
_____/

**O P I N I O N**

      Movant Marvin Gabrion challenges his conviction and death sentence in this action pursuant to 28 U.S.C. § 2255. This action is currently before the Court on Gabrion's motion for leave to file his § 2255 motion under restricted access. (ECF No. 3.) Gabrion seeks to restrict public access to his motion and to any response because the motion describes sensitive facts and issues, including mental health matters and questions regarding the performance of counsel. The government opposes the motion for restricted access. (ECF Nos. 8.)

      The common law establishes a strong presumption of public access to court proceedings and documents. *See*, *e.g.*, *Press-Enterprise Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 505-10 (1984) (recognizing a right of access to jury voir dire in criminal case); *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978) (recognizing a general right to inspect and copy judicial records and documents). The "'right of access is, in part, founded on the

societal interests in public awareness of, and its understanding and confidence in, the judicial system.'" *Application of Nat'l Broad. Co., Inc*., 828 F.2d 340, 345 (6th Cir.1987) (quoting *United States v. Chagra*, 701 F.2d 354, 363 (5th Cir. 1983) (recognizing a right of access to proceedings on motions to disqualify a judge and to inquire into attorney conflicts of interest)). Although the right of access originated in the area of criminal proceedings, there is also a strong presumption in favor of openness in civil cases because the Supreme Court's justifications for access to criminal cases apply to civil cases as well.[1] *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). Even in civil cases, the Sixth Circuit has recognized a "'long-established legal tradition' which values public access to court proceedings." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson*, 710 F.2d at 1177).

The presumptive common-law right of access to judicial records is not absolute. *In re Knoxville News-Sentinel Co., Inc*., 723 F.2d 470, 474 (6th Cir. 1983). Because the court has supervisory powers over its own documents, "[g]enerally, the decision as to the common law right of access to court documents is left to the sound discretion of the trial court." *In re Search of Fair Fin*., 692 F.3d 424, 431 (6th Cir. 2012). In exercising that discretion, the Court considers "all relevant factors to determine whether the need for sealing overcomes

---

[1]These justifications include providing an outlet for community concern, hostility and emotions, providing a check on the integrity of the judicial system, and promoting true and accurate fact finding. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178 (6th Cir.1983)(citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 571 (1980)).

the common law right of access." *In re Search of Fair Fin.*, 692 F.3d at 431.  Factors relevant to the court's exercise of its discretion include the circumstances that led to the production of the documents, the public's interest in the documents, the degree of prejudice to the persons to whom the documents are related, the possibility of improper motives on the part of those who would seek to access the documents, and any special circumstances in the case.  *See United States v. Beckham*, 789 F.2d 401, 409 (6th Cir. 1986) (citing *Nixon*, 435 U.S. at 599-603).  When weighing these factors, the court applies a presumption in favor of access.  *Id.*  Because of this presumption, "[o]nly the most compelling reasons can justify non-disclosure of judicial records."  *In re Knoxville*, 723 F.2d at 476 (citing *Brown & Williamson*, 710 F.2d at 1179-80).

 Gabrion has not identified any authority suggesting that the presumption of access does not apply to section 2255 actions in general, or to section 2255 death penalty actions in particular.  In fact, the only law provided suggest that it does apply.  *See Wiant v. United States*, No. 2:04-CV-256, 2005 WL 1651716, at *3 n.1 (S.D. Ohio July 5, 2005) (concluding that the common-law right of access exists with regard to § 2255 proceedings).  The Rules Governing Section 2255 Proceedings do not address the issue of public access.  Instead, they authorize courts to apply the Federal Rules of Civil and Criminal Procedure to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255

Proceedings.[2]  Rules Governing Section 2255 Cases, Rule 12.  The Federal Rules of Civil and Criminal Procedure also circumscribe the court's discretion to seal court papers.  *See* Fed. R. Civ. P. 26(c) and Fed. R. Crim. P. 16(d) (permitting protective orders for good cause); *see also* Fed. R. Crim. P. 49.1 (permitting a court to require redaction or to limit or prohibit a non-party's access to documents "for good cause shown").

This Court has incorporated the presumption of public access to court filings into its local court rules:

> To preserve the qualified, common-law presumption of public access to judicial files in civil cases, the filing of documents under seal should be the exception.  Sealing is to be limited to information that is truly proprietary or confidential.  The Court strongly resists the sealing of entire civil pleadings, motions or briefs, as it is rare that the entire document will merit confidential treatment.  In lieu of seeking leave to file an entire document under seal, parties should incorporate the confidential material in a separate document and seek leave to file only that document under seal.

LCivR 10.6(a).  *See also* LCrR 49.8(a).

Gabrion has identified certain sensitive facts in his motion, including mental health records of third-parties.  The sensitive information, however, does not permeate his entire motion, and does not constitute good cause or a compelling reason for restricting public access to his entire motion, all accompanying exhibits, and to any response filed by the government.  Gabrion's section 2255 action is a continuing part of his criminal action, a

---

[2] A section 2255 motion is not easily characterized as criminal or civil.  A section 2255 motion is a continuing part of the criminal proceeding, yet it is analogous to a habeas corpus action filed by a state prisoner, which is characterized as civil in nature.  Rules Governing Section 2255 Cases, Advisory Committee Notes to Rules 1 & 12.

matter which garnered substantial public interest. Gabrion's collateral attack on his conviction and sentence raises numerous issues, including whether he received a fair trial, whether he received effective assistance of counsel, whether the death penalty is fairly administered, and whether his execution would violate the Eighth Amendment in light of his mental illness and organic brain impairments. These are central to a determination of whether Gabrion's conviction and sentence can stand. Most of the facts surrounding these issues have already been made public at trial or through the appeal. All of these issues are matters of continuing public interest and concern.

Gabrion's motion does, however, include information regarding the mental health, substance abuse, and sexual dysfunction of third-parties. The information is central to Gabrion's arguments regarding the adequacy of the defense he was provided, and is therefore of some public interest. However, the Court agrees that these third-parties have privacy interests that would be prejudiced if their identities were disclosed to the public. The solution, however, is not to seal the entire action or pleading, but to allow redaction of the third-parties' names and to reference them by initials or other identifiers that will protect their identity.

The other "sensitive" information Gabrion has referenced is allegations regarding counsel's performance. Gabrion has acknowledged in his reply brief that his request to protect those allegations is simply a courtesy at this stage of the proceedings. The Court is not convinced that Gabrion has identified good cause or a compelling reason for restricting

5

public access to his allegations regarding counsel's performance.

Accordingly, Gabrion's motion to restrict access will be granted in part and denied in part. To the extent Gabrion seeks to restrict access to his motion, exhibits, and any responses filed by the government in their entirety, the motion will be denied. To the extent Gabrion seeks to restrict access to sensitive information regarding third-parties and to allegations regarding counsel's performance, the motion will be denied. To the extent Gabrion seeks to redact the names of third-parties about whom he has presented sensitive information and substitute initials or other identifiers that will protect their identity, the motion will be granted. Gabrion will be required, within fourteen days of this order, to re-submit a redacted copy of his motion and exhibits for public filing.

An order consistent with this opinion will be entered.

Dated: May 15, 2015                                  /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE