# EXHIBIT 1.6



United States Department of Justice

# OFFICES *of* THE
# UNITED STATES ATTORNEYS

U.S. Attorneys » U.S. Attorneys' Manual » USAM Title 9: Criminal

# USAM 9-24.000 Requests For Special Confinement Conditions

## 9-24.000
## REQUESTS FOR SPECIAL CONFINEMENT CONDITIONS28 C.F.R. § 501.3

| | |
|---|---|
| 9-24.100 | Procedures for Requesting Special Confinement Conditions for Bureau of Prisons Inmates Whose Communications Pose a Substantial Risk of Death or Serious Bodily Injury to Persons |
| 9-24.200 | Renewals |
| 9-24.300 | Disclosure of Classified Information28 C.F.R. § 501.2 |
| 9-24.400 | Effect of BOP Policy |

**9-24.100**  **Procedures for Requesting Special Confinement Conditions for Bureau of Prisons Inmates Whose Communications Pose a Substantial Risk of Death or Serious Bodily Injury to Persons**

Pursuant to 28 C.F.R. § 501.3, which became effective on May 17, 1996, the Attorney General may authorize the Director of the Bureau of Prisons (BOP) to implement "special administrative measures" upon written notification to BOP "that there is a substantial risk that a prisoner's communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of death or serious bodily injury to persons." The regulation provides that such notification to BOP may be provided by the Attorney General, "or, at the Attorney General's direction by the head of a federal law enforcement agency, or the head of a member agency of the United States intelligence community." These special administrative measures ordinarily may be imposed "may include housing the inmate in administrative detention and/or limiting certain privileges, including, but not limited to, correspondence, visiting, interviews with

Case 1:15-cv-00447-RJJ ECF No. 15-6 PageID.1325 Filed 05/29/15 Page 3 of 4

representatives of the news media, and use of the telephone, as is reasonably necessary to protect persons against the risk of acts of violence or terrorism."

Although 28 C.F.R. § 501.3(a) allows *notification* to BOP by the Attorney General, or at the Attorney General's discretion, by the head of a federal law enforcement agency, or the head of a member agency of the intelligence community, that an inmate's ability to communicate with other persons may create a substantial risk of death or serious bodily injury, only the Attorney General is authorized to *direct* the BOP to implement the special administrative measures with respect to an inmate. Accordingly, the following measure will apply whenever a federal law enforcement agency, which for these purposes includes a United States Attorney's Office, or a member agency of the intelligence community (hereafter "requesting entity") believes that special confinement conditions are necessary to prevent an inmate from inciting or ordering persons (whether inside or outside a BOP facility) to commit crimes that entail the risk of death or serious bodily injury or substantial damage to property that would entail the risk of death or serious bodily injury to persons.

A. The requesting entity will submit a letter or memorandum to the Attorney General setting forth the request which must include:

- A full and complete statement of the inmate's background and proclivity for violence or for ordering or inciting crimes of violence.
- A discussion of why special measures should be implemented.
- A description of what special measures (e.g., no visitors except attorneys, no contact with the news media) should be imposed with a justification for each.

B. The requesting agency's correspondence to the Attorney General will be sent to the Director's Office of Enforcement Operations (OEO) in the Criminal Division for processing.

C. OEO will obtain from BOP, in writing if necessary, a summary of the inmate's current confinement conditions (e.g., a statement that the inmate is already in segregation for violation of BOP rules), any special needs of the inmate (e.g., special medical or religious requirements), and other information necessary to indicate clearly to the Attorney General how the inmate's confinement conditions would be altered by the imposition of the requested special administrative conditions.

D. If the requesting agency is a U.S. Attorney's Office, OEO will obtain from the FBI or other involved law enforcement agency a statement of concurrence with or objection to the proposed special administrative measures. To facilitate the FBI's response, a U.S. Attorney's Office submitting a request for special confinement conditions should contact FBI field personnel likely to be familiar with the inmate to inform them of the pending request and to allow them to discuss the request with FBI headquarters.

E. OEO will prepare a decision memorandum from the Criminal Division to the Attorney General discussing the requesting entity's request for special administrative measures with a recommendation of action to be taken by the Attorney General.

F. In instances in which the Criminal Division recommends that the Attorney General direct BOP to impose special administrative measures, the Criminal Division will prepare a memorandum from the Attorney General to the BOP setting out the measures to be implemented and the notification to be given the inmate. The inmate shall be notified of all special conditions and the basis therefor at the time they are imposed. However, the regulation provides, in part 501 (3)(b), that the reasons for imposing the special conditions "may be limited in the interest of prison security or safety or to protect against acts of violence or terrorism."

## 9-24.200    Renewals

Section 501.3(c) provides that placement of the inmate in administrative detention or any limitation of privileges in accordance with the section may be imposed for up to a maximum of 120 days, but may be successively renewed in 120 day increments. Requests for renewal will be handled similarly to initial requests, i.e., the requesting entity will prepare a memorandum for the Attorney General referencing the earlier request and the Attorney General's decision to impose special conditions; the memorandum should state whether the circumstances identified in the last request to the Attorney General for special administrative measures have changed and, if so, what changes are recommended either to tighten up or loosen the restrictions; the memorandum will be referred to OEO; and OEO will prepare a recommendation to the Attorney General and any required instructions from the Attorney General to BOP. Requests for renewal should be submitted to the OEO *at least 30 days* prior to the expiration date of any previously imposed special conditions to allow the Criminal Division sufficient time to prepare another decision memorandum for the Attorney General and for the Attorney General's review.

## 9-24.300    Disclosure of Classified Information28 C.F.R. § 501.2

Although the provisions of this section, which allows the BOP to implement special administrative measures reasonably necessary to prevent disclosure of classified information by an inmate (typically a convicted spy or a person awaiting trial on a charge of espionage or similar offense), are similar to those in 28 C.F.R. § 501.3, classified information cases are less susceptible of uniform processing. Moreover, special measures to prevent the disclosure of classified information may only be implemented upon written certification to the Attorney General by the head of a member agency of the United States intelligence community that the unauthorized disclosure of such information would pose a threat to the national security, and that there is a danger that the inmate will disclose such information. When a member agency of the intelligence community wishes to request special administrative measures with respect to an inmate to prevent the disclosure of classified information, the agency should contact the Executive Office for National Security for instructions on how to proceed.

## 9-24.400    Effect of BOP Policy

Conditions of confinement for all persons in BOP custody are set in accordance with various BOP policies. Any additional restrictions imposed pursuant to 28 C.F.R. § 501.3 will not affect the implementation of BOP policies unless specifically set forth in the memorandum from the Attorney General directing the implementation of special administrative measures. The Bureau of Prisons will continue to have authority to take any other measures with respect to an inmate subject to special administrative measures deemed necessary to maintain the order, safety, security, and discipline of any BOP institution.