# EXHIBIT 2.5

# David C. Stebbins

*Attorney at Law*

330 South High Street
Columbus, OH 43215
(614) 224-7291
FAX (614) 224-7268

April 6, 2001

Chris Yates
Federal Public Defender
50 Louis NW Suite 500
Grand Rapids, MI 49503

BY FACSIMILE TRANSMISSION (616) 742-7430

    re:    Marvin Gabrion

Dear Chris:

    I apologize for failing to make telephone contact with you this week to discuss motions in the Gabrion case. I had a Motion for Rehearing and for Rehearing en banc due in the Sixth Circuit on a capital habeas case. Predictably everything has gone wrong. I will also be out of town next week. I thought I would take the liberty of sending you my thoughts and some motion suggestions by fax. Putting my thoughts on paper often helps me clarify them.

    The motions that are due on May 1 have to do with underlying challenges to the death penalty and the prosecution itself. Other motions challenging evidence and its admissibility are not due until some time later. I am not sure about procedural motions concerning allocution, procedures and instructions. I believe that we can file those somewhat later also.

    In any event, I believe that our efforts at this stage need to be directed at challenging the jurisdiction and challenging the government's notice to seek the death penalty. I have faxed with this letter the government's notice of intent to seek the death penalty and the index of death penalty motions that appear on the disk prepared by Kevin McNally, David Bruck and Dick Burr. You indicated the other day that you thought that you had this disk. If not, Paul Mitchell has a copy. I have it on my computer and can e-mail you documents if you need them. At this stage, we would like assistance in the research and preparation of a Motion challenging the death penalty in general and as applied in this case, and challenging the specific aggravating circumstances (both statutory and non- statutory) that the government intends to rely on. In addition, we need help drafting the Jurisdiction Motion.

    Section d. of the list of motions contains general death penalty motions prepared and filed in other federal death penalty cases. My experience is that these motions

Gabrion 022133

Chris Yates
April 6, 2001
Page 2

generally contain essentially the same arguments and that we will need to pick and choose among the arguments, update the citations and research, and apply the facts of Marvin's case to the research that our able colleagues have already done. I put stars by some of the motions in section D that I thought might be helpful, although the more I look at it, these are all substantial motions from outstanding lawyers. If your could work through some of these motions to come up with a comprehensive challenge to the death penalty and the aggravating circumstances in this case, it would lift an enormous load from us.

Looking through the remaining motions on McNally's Index, most of the other sections are not at issue now: Allocution is not yet an issue;  Commerce Clause is not an issue; Double Jeopardy is not an issue;  General Motions are not at issue yet;  Government Psych Exam is not at issue at the present time; Indictment Attacks concerning CCE are inapplicable; Instructions are not yet a problem; Race is not an issue; Subpoenas are not yet an issue; Supprression - I will get back to you about in the next week or so.  Under J however, there may be some issues with other crimes.  I do not think those need to be filed yet, but we need to start thinking about them.

There are also discovery issues that need to be resolved in the near future.  I need to come to Grand Rapids the week of the 16th (most likely the 19th and 20th) and sit down with you and Paul and see exactly where we are and how we can force more discovery out of the government.

The remaining issue that we need to address by May 1 is the Jurisdiction Motion. Paul has additional information about this and is going to Oxford Lake with the surveyor next week.  Paul is also in touch with a legal expert from Lansing concerning jurisdiction over the waters and lake bed.  This expert has some interesting ideas that are contrary to the government's expert.  Paul has that information or at least will have it soon.  If you can contact Paul, you two can discuss that Motion.

As I see it however, our challenge to their jurisdiction is a multi part challenge - although not necessarily in the following order.  1.  Is there physical jurisdiction - i.e. was the body found in that part of the lake that is arguably state controlled.  The answer to this is likely to come from our surveyor.  2.  Who has jurisdiction over the water?  3.  Who has jurisdiction over the lake bed?  4.  Is this a navigable body of water and how does that affect jurisdiction over the water and the lake bed.  5.  Even if the body was found in the federal side of the lake, could it have drifted to that side of the lake from the state side of the lake.  If so, can the government establish jurisdiction by the mere presence of the body in Oxford Lake?  If nothing else the preparation of this motion will require us all to delve into obscure areas of the law such as riparian rights and navigability that we have not seen since law school.  I have also attached the report of the government's jurisdiction expert.

Gabrion 022134

Chris Yates
April 6, 2001
Page 3

I will be in Florida with my family (and my son's baseball team) next week. I will, however be working some of the time. I will be available by e-mail. Stebbins@netset.com. I can also be reached through my office (614) 224-7291 and by my cell phone (614) 214-1781. E-mail and my secretary Kim are the most reliable means of reaching me.

I hope to be in Grand Rapids on the 19th and 20th. Hopefully we can all get together and discuss these matters in more detail. Do not hesitate to contact me next week or any other time if you have questions or need additional information. We all appreciate your able and willing assistance.

Very truly yours.

David C. Stebbins

Enclsusr

Gabrion 022135