# EXHIBIT 3.2

FROM :                              FAX NO. : 6164569384              Jun. 04 2001 03:07PM P23

*Mitchell*

*& Zambon*

Attorneys at Law                                                      A Professional Corporation

Paul L. Mitchell                                                     507 Waters Building
Richard E. Zambon*                                                  161 Ottawa, NW
*Also admitted in Illinois                                          Grand Rapids, MI 49503
                                                                    Facsimile: (616) 456-9384
                                                                    Phone: (616) 456-7831

March 9, 2001

Hon. Richard Alan Enslen
United States District Court
410 W. Michigan Avenue
Kalamazoo, MI 49007

             Re:    United States v. Marvin Charles Gabrion, II
                    Case No. 1:99-CR-76

Dear Judge Enslen:

        We write today with concerns about the budget and payment process in the Gabrion case. As you are no doubt aware, we continue to have difficulties figuring out the budgeting process, and we therefore continue to have problems obtaining payments for our primary fact and mitigation investigators. As a consequence of our inability to insure prompt payment for their time and reimbursement for their expense, both our primary fact and mitigation investigators are reluctant to commit the substantial amount of time and expense that his case requires. Because the Attorney General has now authorized the government to seek the death penalty, these problems have become increasingly critical.

        In October of 2000, both you and Chief Judge Martin of the Sixth Circuit Court of Appeals approved a Preliminary Case Budget that included, among other categories, approximately $95,000 for our primary fact and mitigation investigators. To date, they have billed substantially less than $40,000 for their work and expenses on this case. Because of many problems encountered obtaining authorization to exceed the $7500 cap in 21 U.S.C. § 848(q)(10)(B) and in obtaining approval of the Preliminary Budget, our primary investigators were not paid for their time or reimbursed for their expenses from early 2000 until October 2000. Consequently, they could not and did not devote the substantial amount of time necessary to complete the investigation. Neither of our investigators were able to continue to work on the case without assurances that they would be compensated for their time and reimbursed for their expenses in a timely manner.

        However, once the budget was approved in October, both were paid and both returned to committing a substantial amount of time to work on the Gabrion case. Based on the work they had done since the budget was approved, both submitted bills at the first of this year that covered their time and expenses for the year 2000. In February, however, you entered an Order denying

Gabrion 007419

FROM :

Hon Richard Alan Enslen
United States District Court
March 9, 2001
Page 2

payment of the vouchers submitted on behalf of our investigators. You indicated that we had exceeded the amount that had previously been authorized and that we had not requested additional authorization.

We have since spoken with Michael Polkowski, the financial administrator to see if we had incorrectly calculated the amounts that had been paid and authorized. He agreed that we had not exceeded the amount approved in the Preliminary Budget.

We believe that there may be some confusion as to whether the approval of the Preliminary Budget by you and the Sixth Circuit acts as a continuing authorization to exceed the $7500 cap, up to and including any amounts contained in the Preliminary Budget, or whether there is a necessity to obtain specific authorization to exceed the cap on every expenditure, despite approval of the budget. It is our understanding from our research and discussions with others in the field that the approval of the preliminary budget acts as authorization to exceed the $7500 cap without additional approval on each specific expenditure - so long as the amounts approved in the budget are not exceeded. It seems as if this would be a more efficient, and less time consuming, approach to insure oversight of expenditures on these cases. Mr. Polkowski indicated that he thought that the approval of the Preliminary Budget was all that was necessary and that further authorization to exceed the $7500 cap was not necessary.

We are concerned that once again our investigators are not being compensated and understandably are not willing to continue to devote the time necessary to complete the investigation on this case. An additional two months have elapsed since they submitted their bills at the first of the year. If we are indeed required to obtain additional authorization to exceed the $7500 cap, we need to begin the process to obtain that approval, immediately. Please advise us if we are required to seek further authorization.

If you have any questions or need additional information, feel free to contact either of us at your convenience. Thank you for your assistance in this matter.

Very truly yours,

Paul L. Mitchell
David C. Stebbins

DCS/kb
Enclosure....

Gabrion 007420