UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - -

MARVIN CHARLES GABRION, II

        Movant,

    vs.

UNITED STATES OF AMERICA,

        Respondent.

No. 1:15-cv-447
(Criminal Case 1:99-CR-76 )

Hon. Robert Holmes Bell

/

**GOVERNMENT'S BRIEF IN SUPPORT OF ITS MOTION
FOR ORDER AUTHORIZING RELEASE OF INFORMATION
SUBJECT TO ATTORNEY-CLIENT PRIVILEGE,
ACCESS TO UNREDACTED DOCUMENTS,
AND ADDITIONAL TIME TO RESPOND**

The Government moves for an order authorizing the release of information subject to the attorney-client privilege because, by asserting in his motion that his former attorneys provided ineffective assistance of counsel, Movant has impliedly waived the privilege that protects against disclosure of such information.

1.      On April 27, 2015, Movant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

2.      On April 28, 2015, this Court issued an order directing the United States to respond to the motion.  The United States' response is currently due June 27, 2015.

3.      In his Section 2255 motion, Movant alleges that Attorneys Paul Mitchell and David Stebbins, the attorneys who represented him in his criminal case, rendered ineffective assistance of counsel during the guilt and penalty phases of his trial.  (*See*, *e.g.*, § 2255 Mot. Grounds Three & Four, at 32, 60.)  In addition, the motion alleges that Attorney Christopher Yates participated on the defense team despite having a conflict of interest.  (*See*, *e.g.*, § 2255

Mot., Ground 2, at 9.)  The motion also identifies alleged failures to investigate certain matters that involve communications between Movant's former counsel and their investigators, Trish Hubbard and James Crates.  (*See*, *e.g.*, § 2255 Mot. at 42.)

4.      The Sixth Circuit has recognized that "litigants cannot hide behind the privilege if they are relying upon privileged communications to make their case."  *In re Lott*, 424 F.3d 446, 454 (6th Cir. 2005).  Thus, when a criminal defendant claims in a subsequent habeas proceeding that his attorney rendered ineffective assistance of counsel, he impliedly waives the attorney-client privilege to the extent that any privileged communications bear on his attorney's performance.  *See id.* (contrasting claims of actual innocence, which do not necessarily waive the privilege, with claims directly implicating counsel's performance, which do waive it).

5.      Other courts have likewise recognized that a limited waiver occurs in these circumstances.  *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (when "a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim"); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001) (§ 2255 movant waives attorney-client privilege with respect to conversations relating to "strategic choices made during representation"); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of

2

ineffectiveness or incompetence.").

6.       Based on these considerations, courts routinely issue orders finding a limited, implied waiver of the attorney-client privilege.  *See, e.g., United States v. Clark*, No. 1:10-CR-366, 2013 WL 74616, at \*1 (W.D. Mich. Jan. 7, 2013); *Drake v. United States*, 2010 WL 3059197, at \*1-2 (M.D. Tenn. July 30, 2010); *United States v. Palivos*, 2010 WL 3190714, at \*7 (N.D. Ill. Aug. 12, 2010) (granting government's motion to find the attorney-client privilege waived as to conversations between Section 2255 movant and his former attorney "insofar as those communications are necessary to litigation of the ineffective assistance claim").

7.       To fully respond to Movant's Section 2255 motion, the United States believes it is necessary to communicate with Attorneys Mitchell and Stebbins regarding the tactical decisions and other information relevant to their representation of Movant.  In addition, it is necessary to discuss this matter with Attorney Yates, including communications concerning the case he may have had with Movant and with Attorneys Mitchell and Stebbins.  It may also be necessary to discuss the matters raised in Movant's motion with defense investigators Hubbard and Crates.

8.       The United States recognizes that the waiver of attorney-client privilege is limited to information necessary to evaluate the reasonableness of their conduct and that it "does not have broad latitude to delve into other areas of attorney-client communications." *Drake*, 2010 WL 3059197, at \*2.

9.       Because of the number of claims presented in the § 2255 motion, the volume of the trial record, the need to consult with defense counsel (one of whom lives out of state), and the nature of this capital case, the United States believes that additional time is necessary to prepare a full and complete response to the motion.  An additional six months is requested.

Wherefore, the United States respectfully requests that this Court enter an Order finding a waiver of the attorney-client privilege concerning communications and work product relevant to responding to Movant's ineffective assistance of counsel claims.

It is further requested that Attorneys Mitchell, Stebbins, and Yates, as well as investigators Crates and Hubbard, be allowed to view the unredacted motion and exhibits filed under seal, as necessary and relevant to the claims alleging ineffective assistance of counsel.  In addition, it is requested that the Court grant permission for the United States to provide unredacted copies of those documents to former Assistant U.S. Attorney Donald A. Davis, who co-tried the case and may have information relevant to the claims raised in the § 2255 motion. The unredacted documents will be provided on the condition that the recipients maintain their confidentiality.

The United States further requests that Attorneys Mitchell, Stebbins, and Yates be afforded 90 days from the date of the Court's Order in which to file an affidavit with the Court regarding the allegations, if they choose to do so, and that the United States be afforded an additional six months, until December 28, 2015, to prepare its Answer to the Movant's Section 2255 motion.

Respectfully submitted,

PATRICK A. MILES, JR.
United States Attorney

Dated: June 12, 2015

/s/  *Timothy P. VerHey*
TIMOTHY P. VERHEY
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

4