UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARVIN GABRION,

          Movant,

                                            Case No: 1:15-CV-447

v.                                   (Criminal Case No. 1:99-CR-76)


UNITED STATES OF AMERICA,           Hon. Robert Holmes Bell
                                        U.S. District Judge


          Respondent.
_____/

### GOVERNMENT'S OMNIBUS RESPONSE TO GABRION'S MOTIONS FOR DISCOVERY, TO STAY THE PERIOD FOR AMENDMENT, AND A STATUS CONFERENCE

The government respectfully opposes the relief sought by Movant Marvin Gabrion in the motions he has filed (1) seeking leave to permit discovery and to stay amendment and briefing pending discovery (ECF Nos. 56 & 57); (2) seeking leave to conduct depositions (ECF Nos. 58 & 59); and (3) seeking leave to conduct discovery in the form of interrogatories, requests for production of documents, and requests to admit (ECF Nos. 51 & 51-1).  The Court has set a hearing on the motions, which appears to render moot Gabrion's motion for a status conference (ECF No. 52).

### INTRODUCTION

Filed nearly two years after his conviction and sentence became final, Gabrion's motions seek an additional six months in which to engage in speculative discovery and develop new bases for challenging the judgment.  The motions place the proverbial cart before the horse.  Statutory law sharply limits Gabrion's ability

to present additional claims to his motion for § 2255 relief.  As to the present claims, this Court should consider Gabrion's discovery requests only if it finds that it cannot dispose of the issues on the record and must, therefore, conduct an evidentiary hearing.  In the government's view, Gabrion's claims fail on the existing record and the law, as set forth in its response (ECF No. 44).  Accordingly, neither an evidentiary hearing nor discovery is necessary or appropriate.

## ARGUMENT

### I.      The Court Should Not Permit Discovery or Stay the Period for Amendment.

Gabrion's conviction became final on April 28, 2014, when the Supreme Court denied certiorari.  *See Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). Post-conviction counsel were appointed the following day and they have had more than 21 months to investigate Gabrion's claims.  This Court entered an order a year ago permitting the defense to file ex parte applications for access to Gabrion by expert witnesses and/or consultants.  (ECF No. 746: 2/25/15 Order.)  In April 2015, Gabrion filed a 140-page § 2255 motion that asserts 56 claims.  On information and belief, counsel have prepared an amended motion, containing hundreds of pages of additional support for those claims.  Rather than file the amended motion within the 21-day period afforded by Rule 15(a), Gabrion seeks nearly seven additional months in which to conduct investigative discovery and file an amended motion. The Court should deny this request and require Gabrion to file any amended claim within the 21-day time period.

Federal Rule of Civil Procedure 15 governs leave to amend a § 2255 motion. 28 U.S.C. § 2242 (application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir. 1978).  Rule 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days after service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1)(B).  Thereafter, amendment may proceed only on consent of the government or by leave of court, which should be freely given "when justice so requires."  R. 15(a)(2).  Gabrion's request for advance permission to amend beyond the 21-day period afforded by law, and without any showing that justice requires it, is contrary to Congress's intent to expedite these proceedings by imposing the limitations period.  28 U.S.C. § 2255(f); *see United States v. Ciampi*, 419 F.3d 20, 23 (1st Cir. 2005) (noting that Congress imposed strict time limits to "expedite collateral attacks").

Given that time has expired for Gabrion to file a § 2255 action, he can justify an amendment only if it relates back to an existing claim or if it satisfies the strictures of § 2255(f).  *See United States v. Clark*, No. 14-5154, 2016 WL 53122, at *3 (6th Cir. Jan. 4, 2016) (quoting *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000)).  The government will challenge the timeliness of any amended or supplemental claim that does not arise out of the same "common core of operative facts" as the initial motion.  *Id.* (citing *Mayle v. Felix*, 545 U.S. 644, 664 (2005)). The Court should deny Gabrion's motion for additional time to amend, which seeks unjustified delay of proceedings.

Gabrion's request for discovery is similarly flawed.  Under the rules governing § 2255 proceedings, when a defendant files a motion, the court independently determines if the government must respond.  R. Governing § 2255 Proceedings 4 & 5.  If a response is ordered, the court decides after reviewing "the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." R. Governing § 2255 Proceedings 8; *Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995).[1]

The rules do not contemplate the use of discovery to facilitate investigation of legally meritless claims or to fish for bases for new claims: "[A] court must provide discovery in a habeas corpus proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore[ ] *entitled to relief.'" Lynott v. Story*, 929 F.2d 228, 232 (6th Cir. 1991) (internal quotation marks and citation omitted, emphasis in original); *see also Cornell v. United States*, 472 F. App'x 352, 354 (6th Cir. 2012) ("good cause" is established if specific allegations show reason to believe that movant may be able to demonstrate entitlement to relief); *United States v. Sherman Fields*, 761 F.3d 443, 478 (5th Cir. 2014), *as revised* (Sept. 2, 2014) (rules governing habeas proceedings do not authorize "fishing expeditions"), *cert. denied*, 135 S. Ct. 2803 (2015); *United States v. Black*, No. 10-

---

[1] Rule 7 empowers the Court to direct the parties to expand the record by submitting documents or answering interrogatories propounded by the Court.  *See* R. Governing § 2255 Proceedings 7.

20225, 2015 WL 1757318, at *2 (E.D. Mich. Apr. 17, 2015) ("[T]he Sixth Circuit has rejected the notion that a convicted criminal defendant is entitled to wide-ranging discovery to explore possible grounds for a § 2255 challenge to his conviction, emphasizing that 'there is no general constitutional right to discovery in criminal cases.'") (quoting *United States v. Okai*, No. 96-3222, 1996 WL 549804, at *1 (6th Cir. Sept. 25, 1996)); *United States v. Lighty*, Nos. 12-3065, 11-3563, 2014 WL 5509205, at *3 (D. Md. Oct. 30, 2014) ("a defendant may not use discovery to go on a 'fishing expedition' through the Government's file in search of evidence to support an imagined and fanciful claim") (citing *United States v. Wilson*, 901 F.2d 378, 381 (4th Cir. 1990)).

In order to determine if an evidentiary hearing is necessary or any discovery should be permitted, this Court should first review the motion, answer, any reply, and the record. *See, e.g., United States v. Edward Fields*, No. CIV-10-115-RAW, 2011 WL 3566934, at *1 (E.D. Okla. Aug. 15, 2011) ("The court previously ruled . . . that upon a review of the briefing in this case, the court would revisit the issues of discovery and the need for an evidentiary hearing."). *See also United States v. Lighty*, 2014 WL 5509205, at *3 (noting that determining whether a habeas petitioner has shown good cause for a discovery request "necessarily involves to a considerable extent an inquiry into the merits of the claim" and denying capital defendant's request); *Sherman Fields*, 761 F.3d at 484, 483-84 (district court did not abuse its discretion in denying capital defendant's request for discovery where defendant had not provided specific allegations that would lead the court to believe that he could demonstrate entitlement to relief if the facts were fully developed).

5

In support of his requests, Gabrion argues this is not an "ordinary" § 2255 action because it arises in a capital case.  While Gabrion's death sentence entitles him to certain protections (*e.g.,* 18 U.S.C. § 3599 (appointed counsel)), he cannot identify any authority to support the application of a relaxed standard for an evidentiary hearing.  *See United States v. Barrett*, 797 F.3d 1207, 1224 (10th Cir. 2015) (applying generic standard for hearings in a capital case); *Sherman Fields*, 761 F.3d at 483 (same); *see also Cullen v. Pinholster*, 563 U.S. 170, 185-86 (2011) (announcing, in the context of a capital case, one standard for evidentiary hearing in all § 2254 litigation).  And, as noted above, in death cases as in other habeas proceedings, discovery is not a matter of right; it is only appropriate upon a showing of "good cause."  *See, e.g., Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997) (stating, in death case, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.").  Further, while Gabrion discounts § 2254 cases, the same "good cause" requirement applies in both § 2254 and § 2255 proceedings.  *See* R. Governing § 2254 Proceedings 6(a); R. Governing § 2255 Proceedings 6(a).  *See also, e.g.*, *Sherman Fields*, 761 F.3d at 478 n.18 ("Because Rule 6 of the Rules Governing § 2254 Cases is nearly identical to Rule 6 of the Rules Governing § 2255 Cases, and both use the same "good cause" standard, courts have looked to cases interpreting the former when applying the latter.").

Gabrion also asserts that his suggested procedure – engaging in speculative discovery and filing an amended § 2255 motion long after the statutory deadline – is "consistent with procedures in other capital cases."  (ECF No. 57 at 13.)  But the cases he cites do not establish that such a procedure is required or appropriate.

6

Cases differ in both facts and posture, and courts employ varying procedures to manage them.  In *United States v. Hammer*, 404 F. Supp. 2d 676 (M.D. Pa. 2005), for example, amended pleadings were filed years after the initial § 2255 motion because the defendant vacillated as to whether he wished to challenge his sentence. As a result, the case involved multiple substitutions of counsel.  *See id.* at 687-89. *Johnson v. United States*, 860 F. Supp. 2d 663 (N.D. Iowa 2012), also involved a change in counsel.  *See id.* at 689.  In *United States v. Sampson*, 820 F. Supp. 2d 202 (D. Mass. 2011), the district court summarily dismissed "many" of the claims. *See id.* at 213.  This Court should determine whether some or all of Gabrion's claims are subject to dismissal and only then consider whether an evidentiary hearing and/or discovery are necessary as to any that remain.

## II.    Gabrion's Discovery Requests Are Premature and Unsupported by Good Cause.

As set forth above, any request for discovery at this stage is premature.  To the extent the Court is, nonetheless, inclined to consider the requests, Gabrion has not satisfied the good cause standard for obtaining discovery.

To fulfill the good cause requirement, Gabrion must present specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate.  *Post v. Bradshaw*, 621 F. 3d 406, 425 (6th Cir. 2010).  However, "[e]ven in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing.'" *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (quoting *Zettlemoyer v.*

*Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991)).  *See also Apanovitch v. Houk*, 466 F.3d 460, 476 (6th Cir. 2006) (same); *Brown v. United States*, 583 F. Supp. 2d 1330, 1336 (S.D. Ga. 2008) (stating, in denying § 2255 motion and denying capital defendant's motions for discovery and an evidentiary hearing, "bald assertions and conclusory allegations will not suffice"), *adhered to on reconsideration*, No. 403CR001, 2008 WL 4822542 (S.D. Ga. Nov. 4, 2008), and *aff'd*, 720 F.3d 1316 (11th Cir. 2013).  Further, "good cause does not exist if a defendant premises a discovery request on a claim that fails as a matter of law." *Barnette v. United States*, No. 3:12-CV-327-V, 2014 WL 234817, at *2 (W.D.N.C. Jan. 22, 2014).

Here, Gabrion has propounded 24 requests for written discovery, directed to more than a dozen parties, including the U.S. Attorney's Office, FBI, BOP, this Court, U.S. Probation, the Federal Defender's Office; the Newaygo County Court, Probation Department, and Prosecutor's Office, and every institution that has housed Gabrion since 1997.  (ECF No. 51 & 51-1.)  He also seeks to depose more than a dozen individuals, including trial counsel, the investigator and mitigation specialist, the Honorable Christopher Yates, former Newaygo County Prosecutor Chrystal Roach, the FBI handwriting examiners, all the mental health experts who testified at trial, the forensic pathologist, and various law enforcement officers. (ECF No. 58 & 59.)  This expansive list of requests is precisely the sort of "fishing expedition" that the rules are intended to guard against.  As to each request, Gabrion has failed to demonstrate good cause, and cannot do so, given that his claims fail as a matter of law, as set forth in the government's response.

Further, the type of unfettered and premature discovery that Gabrion proposes would, at this stage of the proceedings, require protracted and unnecessary litigation. For instance, if Gabrion were granted an opportunity to depose trial counsel, the government would necessarily seek production of the attorneys' files and records in order to prepare for a proceeding that might later be used in an effort to impeach the lawyers. But production of the files would likely result in litigation over protective orders, privilege logs, and in camera review of specific documents, all in anticipation of an investigation untethered to a colorable claim. Rather than invite such unwarranted delay, the Court should determine whether Gabrion has presented any claim that requires evidentiary development, and grant limited discovery accordingly.

Respectfully submitted,

Dated:  February 11, 2016

PATRICK A. MILES, JR.
United States Attorney

/s/ Jennifer L. McManus

ANN M. CARROLL
Trial Attorney
U.S. Department of Justice
Capital Case Section
1331 F. St. NW Room 609
Washington, DC
(202) 616-4439

TIMOTHY P. VERHEY
JENNIFER L. McMANUS
SALLY J. BERENS
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404