UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARVIN CHARLES GABRION II,

        Movant,

                                   Case No. 1:15-cv-447

v.

                                   HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

_____/

## **O R D E R**

This is an action to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, filed by Marvin Charles Gabrion, II. Before the Court are several motions in which Movant has requested discovery via interrogatories, requests to admit, production of documents, and depositions (ECF Nos. 51, 58, 67). He also asks the Court to permit him to amend his motion under § 2255 as a matter of right after completion of discovery (ECF No. 56). At Movant's request, the Court held a conference on several of the discovery motions on March 9, 2016. Movant subsequently filed an amended motion for discovery. The Government has responded to the foregoing motions. For the reasons that follow, the motions will be denied.

### **I. Discovery**

Movant has requested a discovery period of at least six months, and has submitted a wide range of discovery requests, including requests for information and production of documents, interrogatories, and a request to depose approximately 17 individuals.

"'Habeas petitioners have no right to automatic discovery.'" *Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)); *see also Bracy v. Gramley*, 520 U.S. 899, 904 (1991) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."). Rule 6(a) of the Rules Governing Section 2255 Proceedings provides that the Court "*may, for good cause*, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a) (emphasis added).

To demonstrate good cause, Movant must provide "'*specific allegations . . .* [that] show reason to believe that [he] may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore, *entitled to relief . . . .*'" *Lynott v. Story*, 929 F.2d 228, 232 (6th Cir. 1991) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)) (emphasis in original). "'The burden of demonstrating the materiality of the information requested is on the moving party.'" *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Stanford*, 266 F.3d at 460). "Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'" *Id.* (quoting *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997)).

The Court must examine Movant's grounds for relief when assessing his requests for discovery because the showing required by Rule 6(a) is entwined with the merits of his claims. *See Bracy*, 520 U.S. at 904 ("Before addressing whether petitioner is entitled to discovery . . . to support his judicial-bias claim, we must first identify the 'essential elements' of that claim."). The Government has filed a response to the motion under § 2255, arguing

that all of Movant's claims fail as a matter of law. If that is the case, and if no further development of the facts will save Movant's claims, then discovery will not be necessary.

Movant contends that discovery of evidence outside the record is necessary to identify and present certain claims, and that discovery is especially important in a capital habeas case like this one. The Court does not deny the significance of these proceedings, but the Court is aware of no exception to the requirement that Movant provide "good cause" and "specific allegations" that demonstrate the need for discovery. The rules do not distinguish between capital habeas cases and non-capital habeas cases. *See Williams*, 380 F.3d at 974 (applying Rule 6 in a capital habeas case and noting that the rule does not sanction "fishing expeditions"). Thus, discovery is not permitted for the purpose of allowing Movant to identify possible claims.

Because the Court must examine the claims Movant has raised in his motion for relief under § 2255 before determining whether he has established good cause for discovery, the Court will not permit discovery at this time. Instead, the Court will review his motion for relief and the Government's response in full before determining whether any discovery is warranted. If, after such review, the Court finds that the allegations made by Movant give reason to believe that additional factual development of a particular issue could entitle him to relief, then the Court will permit discovery on that issue. Otherwise, discovery will not be necessary. Thus, the Court will deny the discovery motions without prejudice, but will consider Movant's discovery requests in connection with a review of his claims.

## II. Amendment

Movant has asked the Court to stay the time period for amending his motion *as a matter of right* until after the close of discovery. Rule 15(a) of the Federal Rules of Civil Procedure applies to these proceedings. *Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir. 1978) (citing 28 U.S.C. § 2242); *United States v. Clark*, 637 F. App'x 206, 208-09 (6th Cir. 2016). Rule 15(a) permits amendment of a pleading once "as a matter of course" within 21 days after service of a responsive pleading; otherwise, amendment requires the consent of the opposing party or leave of the Court, which is to be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(1)-(2).

Movant offers no legal authority that would allow the Court to alter the requirements of Rule 15 and permit him to amend his motion without leave of the Court after the deadline for doing so has passed. The cases cited in his motion do not support his request. Because Movant's request is not supported by the Rules, and because the Court will not allow discovery at this time, Movant's request to stay the time period for amendment as a matter of right will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the motions for discovery and to stay the deadline for amendment as a matter of right (ECF Nos. 51, 56, 58, 67) are **DENIED WITHOUT PREJUDICE**. The Court will evaluate the need for discovery in connection with its examination of the motion to vacate, set aside, or correct sentence and the response thereto.

Any amendments to that motion require the Government's consent or leave of the Court, in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Movant's motion for a status conference (ECF No. 52) is **DENIED** as moot.

Dated: <u>September 20, 2016</u>                     <u> /s/ Robert Holmes Bell            </u>
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE