**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


MARVIN CHARLES GABRION II,                1:15-CV-00447

     Movant,                                   (Criminal Case 1:99-CR-76)

v                                         Honorable Robert Holmes Bell
                                          U.S. District Judge
UNITED STATES OF AMERICA,

     Respondent.

---

**MOVANT'S MOTION FOR PARTIAL RECONSIDERATION OF THE**
**COURT'S ORDER OF SEPTEMBER 20, 2016**

---

Now comes the movant, Marvin Charles Gabrion II, and requests this Court to reconsider a portion of its Order of September 20, 2016, denying Mr. Gabrion leave to amend his motion filed under 28 U.S.C. § 2255 as a matter of right.  This Court has the discretion to grant this relief based on its authority under Fed. R. Civ. P. 6(b) and 15(a)(2) and under Rule 5 of the Rules Governing § 2255 proceedings.  Mr. Gabrion essentially requests this Court to adopt the position advocated by both parties during the hearing conducted by the Court on March 9, 2016.  The parties spent almost the entire hearing discussing whether Mr. Gabrion should be entitled to conduct discovery before amending his § 2255 motion.  However, the question of amendment without discovery was discussed by both sides.  The government offered a clear statement of its position regarding amendment without discovery:

> [S]o we respectfully request that the Court consider proceeding in that fashion; that is, setting the time for filing any amended motion, a time, a deadline for the government to provide any supplemental response, and then take up at

that time whether there are any claims that have survived
that require further evidentiary development or discovery.
PageID.2658

During the same hearing, Mr. Gabrion requested the Court to consider relief in

the alternative to his request for discovery and amendment, stating:

In the event that the Court is not inclined to grant our
request for the six months' discovery and the amendment to
follow, we would request at least 60 days to amend this
petition with the information that we currently have in our
possession.  PageID.2665

In light of the fact that both parties agreed that amendment was appropriate, and

the Court took Mr. Gabrion's motion under advisement until well after the 21-day

deadline passed, Mr. Gabrion will be denied due process of law if he is not allowed to

amend without discovery.  The only reasonable reaction to the matters discussed at the

hearing was for Mr. Gabrion to consider his motions under advisement until the Court

ruled on them.  Mr. Gabrion is entitled, at the very least, to some amendment without

discovery.

Mr. Gabrion requests the Court to order a 60-day period for amendment, as Mr.

Gabrion requested at the March 9, 2016 hearing.  In the alternative, Mr. Gabrion

requests a period of at least 21 days for amendment, so that Mr. Gabrion will be

afforded due process of law in this proceeding.

IN SUPPORT OF THIS MOTION, Mr. Gabrion offers the following memorandum
of law.

## BACKGROUND

This case includes a lengthy procedural background.  For purposes of the matter

at hand, however, the circumstances are relatively straightforward.  Mr. Gabrion timely

filed his original motion under § 2255 in this matter on April 27, 2015.  Initially, the Court

ordered the government to respond, filing that order on April 28, 2015.  Arguments followed regarding filing under restricted access.  The Court, on June 24, 2015, also considered and granted the government's request for additional time to respond, granting the government's motion for additional time to file its response.  A few months later, on September 22, 2015, the Court granted the government's motion to extend the time to file attorney affidavits.  The Court granted a second extension for attorney affidavits on October 22, 2015.  Likewise, on December 21, 2015, the Court again granted a government motion to extend the time to respond.  The government filed a response on January 25, 2016.  Mr. Gabrion did not oppose any of the government's requests for additional time in which to respond to his § 2255 motion.

Mr. Gabrion responded with motions for discovery and to stay the amendment period, filing his first such motion on January 29, 2016.  *See, e.g.*, PageID 2493.  On February 2, 2016, Mr. Gabrion again moved the Court to allow discovery in this matter, and he requested that the Court stay the time period to amend his petition, pending discovery.  *See* PageID 2549. The Court considered the matter and conducted a hearing on March 9, 2016.  PageID 2589.  The parties specifically addressed what should happen if the Court denied the request for discovery.  The government asked, under such circumstances, that the Court set a schedule for Mr. Gabrion to file an amended motion.  Mr. Gabrion asked for 60 days in which to amend.  The possibility that Mr. Gabrion would not be allowed to amend as a matter of right was never discussed.

Ultimately, the Court denied Mr. Gabrion's motion.  On September 20, 2016, the Court issued an order declaring the Court would not allow discovery at this time, and denying Mr. Gabrion's motion to stay the period to amend his petition.  PageID 2636.

Mr. Gabrion now moves the Court to order, based on the authority of Fed. Rules of Civil Procedure 6 and 15, that Mr. Gabrion shall have 21 days, or another period of time chosen by the Court, in which to file an amended motion.

## **LEGAL DISCUSSION**

Under Federal Rule of Civil Procedure 15, Mr. Gabrion had the right without leave of court, within 21 days of the government filing a response, to amend his petition. Fed. R. Civ. P. 15(a)(1)(B).  He asked the Court to toll this period and allow him to conduct discovery.  Had the Court granted his motions, he would have amended his petition with the specificity and detail discovery would have allowed.  With the Court's recent denial of his motion to stay the period for amendment of his motion, he asks the Court to recognize that his motions tolled the period for amendment of his motion.  He should now have 21 days, from the Court's ruling on this instant objection and motion for reconsideration, to amend his petition.  In the alternative, the Court should set a deadline for amendment within the Court's discretion.  Denial of that right would create a grave miscarriage of justice in this capital case.  A palpable, misleading defect has arisen, justifying reconsideration under Local Rule of Civil Procedure 7.4(a).  The applicable procedural rules necessitate a different disposition, in accordance with Local Rule of Civil Procedure 7.4(a).  Mr. Gabrion addressed some of most important points to be considered in evaluating an amended motion during his argument on March 9. These points, all relating to the same operative facts included in Mr. Gabrion's original motion, include the presentation of a true social history, some 90 pages in length, compared to the 7-page version prepared at trial.  Mr. Gabrion will present, at a minimum, Russell Stetler, an expert in capital mitigation, Joseph Lunsford, a crucial witness regarding the question of whether a conflict of interest existed in Mr. Gabrion's

representation, and additional court documents showing that Chrystal Roach gave false and material testimony at trial regarding her policy in conducting preliminary examinations and additional evidence of Mr. Gabrion's social history.

Courts have described Rule 15 as containing a "liberal amendment policy." *See The Tool Box v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005).  Courts even recognize the potential for amendment of pleadings post-judgment.  *See id.* at 1088. Federal Rule of Civil Procedure 60(b) provides that a party may seek relief from judgment under certain circumstances, and it imposes a one-year deadline for seeking such relief in given circumstances.  Fed. R. Civ. P. 60(b) & (c)(1).  In a situation analogous to the one at hand, "some courts have recognized that a new, one-year period under Rule 60(b) might be triggered if the subsequent appellate ruling substantially alters the district court's judgment in a manner that disturbs or revises the previous, plainly settled legal rights and obligations of the parties." *The Tool Box*, 419 F.3d at 1089.

The Federal Rules of Civil Procedure give the Court broad discretion in modifying their time limits.  *See* Rule 12 of Rules Governing Section 2254 and 2255 Cases (applying Federal Rules of Civil and Criminal Procedure in the § 2255 context if such rules are consistent with the § 2255 rules).  If "an act may or must be done within a specified time, the court may, for good cause, extend the time" and this extension may be "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires" or it may be "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). The local rules follow a similar policy.  Local Rule of Civil Procedure 7.1(c) provides that "the Court may in a particular case shorten or enlarge any time limit or page limit

established by these rules, with or without prior notice or motion." (Of course, truncating the time would raise critical issues, but such eventualities lie beyond the scope of the present inquiry.)

As Mr. Gabrion has already emphasized, death-penalty cases warrant and receive exceptional treatment. *See, e.g.*, PageID 2552. The specter of death alters the entire timbre of a case. *See* PageID 2555, 2561. Allowing amendment of Mr. Gabrion's motion now would in no way contravene the law. It would simply recognize the legal landscape of equitable tolling, the recognized liberal construction of the Rules' deadlines, and the grave equities implicated here. The government concedes the propriety of an amendment "if it relates back to an existing claim or if it satisfies the strictures of § 2255(f)." PageID 2581. Mr. Gabrion plans to work within those limits, so the government's concession of even that much supports Mr. Gabrion's position here. The question here involves a straightforward application of the Federal Rules of Civil Procedure, obviating a complex inquiry into § 2255(f) litigation (though he could satisfy such an inquiry if necessary, as touched on in his earlier motions on this matter). The Rules Governing Section 2254 and 2255 Cases provide for application of the Federal Rules of Civil Procedure (barring any incongruence); the latter rules allow a 21-day period for amendment.

Within four days of the government filing its response to his motion under § 2255, Mr. Gabrion filed his motion to stay the amendment period. This motion tolled the running of Rule 15's 21-day clock. Rule 6 recognizes the Court's ability to make a ruling of tolling in this matter. The government has benefited from several extensions. No prejudice would arise from now allowing Mr. Gabrion to amend his petition within 21 days. Mr. Gabrion asks the Court to recognize the tolling of the 21-day period during

6

the pendency of his motion to stay that period; he asks the Court to now receive his amendments to his motion within 21 days of the Court's ruling on this objection and motion to reconsider.

## CONCLUSION

For the reasons stated above, Mr. Gabrion requests the Court to reconsider that portion of its Order of September 20, 2016 denying leave to amend the pending § 2255 motion.  He requests the Court to order a 60-day period for amendment, as Mr. Gabrion requested at the March 9, 2016 hearing.  In the alternative, Mr. Gabrion requests a period of at least 21 days for amendment, so that Mr. Gabrion will be afforded due process of law in this proceeding.

**Dated:  October 7, 2016**                                     **Respectfully submitted,**

By:   /s/ *Monica Foster*                               By:  /s/ *Joseph M. Cleary*
    Monica Foster                                       Joseph M. Cleary
    Attorney for Movant                                 Attorney for Movant
Business Address:                                      Business Address:
Indiana Federal Community Defenders, Inc.    Indiana Federal Community Defenders, Inc.
111 Monument Circle, Suite 3200              111 Monument Circle, Suite 3200
Indianapolis, Indiana 46204                  Indianapolis, Indiana 46204
(317) 383-3520                               (317) 383-3520

By:  /s/ *Scott Graham*
    Scott Graham
    Attorney for Movant
Business Address:
SCOTT GRAHAM PLLC
1911 West Centre Avenue, Suite C
Portage, Michigan 49024
(269) 327.0585