UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARVIN GABRION,

       Movant,

                                  Case No: 1:15-CV-447

v.

                                HON. Robert Holmes Bell

UNITED STATES OF AMERICA,                U.S. District Judge

       Respondent.

_____/

### GOVERNMENT'S RESPONSE TO GABRION'S MOTION FOR RECONSIDERATION (R. 76)

The government opposes Gabrion's motion for leave to file amendments to his Section 2255 motion without leave of Court, as provided by Federal Rule of Civil Procedure 15.  The basis for this position is as follows:

1.      Gabrion filed his motion on April 27, 2015.  Prior to its filing, Gabrion's counsel was provided access to all trial information and discovery available to his trial counsel.  The defense was also given access to the defense files prepared by defense trial counsel. They interviewed the defense trial attorneys, the defense investigator, and "a plethora of witnesses called and not called at trial".  (R. 75: Mot. Hr'g Tr., PageID.2642.)

2.      The government filed a response to the motion on January 25, 2016.  The response noted that Gabrion's claims failed in many respects because he made no factual assertions which, if believed, would satisfy the legal standards for collateral relief.  To use one example, Gabrion claims that his trial counsel were ineffective

because they did not contest the competency assessments of him or demonstrate that he was incompetent to stand trial.  (§ 2255 Mot. at 32-40.)  The government argued that this claim is defective because the motion does not allege that he was incompetent.  (R. 44: Govt' Resp. at PageID.2276-79.)  The motion was not amended following the government's response to remedy this problem or the many other similar defects.

3.      Gabrion chose not to amend his claims following the government's response but instead filed a motion seeking months of discovery and a corresponding stay in the 21-day period for amendment as of right under Federal Rule of Civil Procedure. 15(a)(1)(B).  In this request, Gabrion asserted the need for discovery to prove his claims, but did not explain why more time was necessary to remedy pleading defects the government had identified.  (R. 56: Mot. for Discovery and to Stay Amendment; R. 57: Br. in Support.)  The government opposed the motion, noting that post-conviction counsel had already had nearly two years in which to conduct its investigation, that new claims that did not relate back to the original claims could not be asserted because the statute of limitation had expired, and that the request amounted to an unjustified request to delay the proceedings. (R. 61:  Govt's Omnibus Resp., PageID.2579-81.)  The government also noted that it had a good faith belief the defense had already drafted an amended motion that contains hundreds of pages of additional support, which had not yet been filed.  (*Id.* at PageID.2580.)

4.      The Court held a hearing on the issue of discovery and other matters on March 9, 2016.  At the hearing Gabrion's counsel acknowledged that the government opposed an extension of the 21-day time for amendment.  His counsel also

acknowledged that new experts had been consulted in connection with the motion. (R. 75: Mot. Hr'g Tr., PageID.2642.)  Gabrion's post-conviction counsel told the Court that they already had witnesses who would testify that Gabrion was incompetent, and had been so during his trial.  (*Id.* at PageID.2646.)   The government argued that any amendments should be filed sooner rather than later, particularly in light of the fact that the defense already had the information needed to amend.  (*Id.* at 2657.)   Although the government did not agree to any tolling of the 21-day period for amendment, it recognized that the Court might deem the period tolled by the motion.  In that case, the government requested that the Court set an amendment deadline.  (*Id.* at 2658.)

5.        The Court issued its order denying Gabrion's motions on September 20, 2016.  (R. 74: Order.)  Gabrion did not tender any amendments to the Court during that six-month interval.  Neither did it tender an amended motion within 21 days of the September 20 Order.

Under these circumstances, the Court should not permit Gabrion to amend the motion as of right under Rule 15(a)(1)(B).   This record establishes that Gabrion has chosen not to address deficiencies in the motion despite a stated ability to do so in a timely fashion, a practice that contravenes the policy in favor of addressing these claims in a timely fashion.  28 U.S.C. § 2255(f); *see also United States v. Ciampi*, 419 F.3d 20, 23 (1st Cir. 2005) (noting that Congress imposed time limits to expedite collateral attacks). This does not necessarily leave Gabrion without a remedy, as he can apply for leave to amend with permission of the Court "when justice so requires."  Fed. R. Civ. P. 15(a)(2). If he possesses information that is so important to the resolution of his claims that it

would be unjust to ignore it, he should promptly provide it to the Court for its

assessment.

Respectfully submitted,

PATRICK A. MILES, JR.
United States Attorney


Date:   October 26, 2016        /s/ *Timothy P. VerHey*
TIMOTHY P. VERHEY
Assistant United States Attorney
Western District of Michigan