UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN CHARLES GABRION, II,

       Movant,

                                   File No. 1:15-cv-447

v.

                                   HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.

_____/

### **O R D E R**

This is an action for relief under 28 U.S.C. § 2255. Before the Court is Movant's motion for partial reconsideration of the Court's September 20, 2016 order, in which the Court denied Movant's motions for discovery and to stay the time period for amendment as a matter of right.

Movant filed this action on April 27, 2015. The Government filed its response on January 25, 2016. Under Rule 15(a) of the Federal Rules of Civil Procedure, which is applicable to this case under Rule 12 of the Rules Governing Section 2255 Proceedings, Movant had 21 days from that date to file an amended motion as a matter of right. Thereafter, he could file an amended motion only with the Government's consent or with the Court's leave, which is to be freely given as justice so requires. Fed. R. Civ. P. 15(a)(2). On January 29, he filed a motion to stay the time period for amending the motion under § 2255 as a matter of right. Specifically, he asked for a stay until after the close of discovery. The Court

held a hearing on the discovery motions and the motion to stay on March 9, 2016, and took the motions under advisement. After a preliminary review of Movant's claims and his motions for discovery, the Court denied the discovery motions without prejudice. The Court decided that it would review the motion under § 2255 and response thereto in full before deciding whether discovery was warranted. In addition, the Court denied the motion to stay the deadline for amendment as a matter of right until after discovery, because discovery would not be allowed and because Movant failed to provide any other basis for extending the 21-day deadline. Movant now seeks reconsideration of that order.

Western District of Michigan Local Civil Rule 7.4(a) provides that "motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted."  Further, reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been misled . . . [and] that a different disposition must result from a correction thereof." *Id.*

In the motion for reconsideration, Movant notes that Rule 6 of the Federal Rules of Civil Procedure permits, but does not require, a court to extend a deadline "for good cause." Fed. R. Civ. P. 6(b)(1). But the only "cause" provided by Movant for extending the 21-day deadline was the need for discovery, which the Court held is not necessary at this stage.

Movant also notes that, at the end of the hearing in March, counsel made a request to file an amended motion within 60 days, in the event that the Court decided not to permit discovery and amendment thereafter. Counsel did not provide any basis for this request,

2

however, let alone good cause. Counsel did not explain why 60 days were necessary to file an amended motion.

Movant further argues that the Court should find that the motion to stay tolled the 21-day period for amending his petition as a matter of right. But even after applying the rules of tolling, that time period has expired. Movant filed the motion to stay four days after the Government filed its response. With the benefit of tolling, he could have filed an amended motion within 17 days after the Court issued its decision denying the motion to stay. He did not do so. In fact, he did not file anything, either an amended motion under § 2255 or a motion for reconsideration, until the very last day of what remained of the 21-day period. And though it is now approximately a year and half since this action was filed, over nine months since the Government filed its response to Movant's claims, and more than a month since the Court issued its order denying the motion to stay, he has yet to file any amendments. At the hearing in March, Movant's counsel asserted that Movant intended to amend the motion with information that was already in counsel's possession. Movant fails to explain why, six months after that hearing, he has not provided any of that information to the Court, or why he now requests a minimum of three additional weeks to file it. Thus, he has not shown good cause to justify an extension of the 21-day deadline.

Movant contends that the ability to amend is necessary in order to protect his right to due process. But Movant had an opportunity to file an amended petition as of right; he chose

not to use it. And he has always had, and still has, the ability to apply for leave to amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure. He has not done so.[1]

Accordingly, having found no palpable defect in the Court's order that requires a different disposition thereof,

**IT IS HEREBY ORDERED** that Movant's motion for reconsideration (ECF No. 76) is **DENIED**.


Dated: <u>November 4, 2016</u>                                  /s/ Robert Holmes Bell
                                                                ROBERT HOLMES BELL
                                                                UNITED STATES DISTRICT JUDGE

---

[1]Under the local rules, an application for leave to file an amended pleading must be accompanied by the proposed amended pleading. W.D. Mich. LCivR 5.7(f).