**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARVIN CHARLES GABRION, II,           )
                                      )
            Movant,                   )
                                      )
      v.                              ) 1:15-CV-447
                                      )  HON. ROBERT HOLMES BELL
                                      )
UNITED STATES OF AMERICA,             )
                                      )
            Respondent.               )

**VERIFIED MOTION TO CORRECT THE RECORD AND**
**FOR RECONSIDERATION OF DOCKET #76 WITHOUT**
**INCLUSION OF FALSE FACTS**

Comes now, Marvin C. Gabrion, by counsel, and moves the Court to correct the record in this case, and after having corrected the record, to reconsider Movant's request to file an amended petition of right pursuant to Fed.R.Civ.P. 15(a).  Specifically, Movant would show the Court:

1. On October 7, 2016, Movant filed a Motion for Partial Reconsideration of the court's Order of September 20, 2016.  That Order, *inter alia*, denied Movant's request to extend the deadline for filing an amended §2255 motion of right.  Movant had asked the court to extend the date for filing his amended §2255 motion by 21 days after the close of discovery (PageID2562), or, if discovery was denied, 60 days after the denial (PageID2665).  Movant asked the court to reconsider that portion of the Order that denied his request for extension of the time to file an amended motion of right.

1

2. The court ordered the government to respond and gave them two weeks to do so (Dkt. #78).  On October 26, 2016, the government filed its response.  In general, the government argued Movant has been dilatory in seeking to file an amendment.  Specifically, the government claimed it had "a good faith belief the defense had already drafted an amended motion that contains hundreds of pages of additional support, which has yet to be filed."  PageID2677.  The government claimed, "[t]his record establishes that Gabrion has chosen not to address deficiencies in the motion despite a stated ability to do so in a timely fashion, a practice that contravenes the policy in favor of addressing these claims in a timely fashion."  PageID 2678.

3. After receiving this response, staff for Movant's counsel Mr. Graham contacted the court and advised that he would be seeking to file a reply within the time limits normally permitted for reply.  Court staff indicated at that time that they would keep an eye out for Movant's papers.  Mr. Graham's staff was not advised that the court intended to rule without that pleading.

4. On November 4, 2016, the court denied Movant's request for partial reconsideration without allowing Movant to be heard (Dkt.  #80).

5. The representation by the government that Movant has prepared an amendment that he has not filed is false.  No amendment has been prepared.

6. Specifically, after filing the initial motion, Movant's counsel continued to investigate, as they are ethically required to do.  Documents were requested and received.  Investigative trips to Michigan and other places were conducted.  Experts were consulted.  Additional facts have been discovered

that support Movant's already pled claims. While some of these facts were known at the time of the argument on discovery in March 2016, many of them have been discovered since then, some as recently as the past seven days. The investigation into this matter is ongoing and continues to this date.[1] Thousands of pages of additional documents have been collected by Movant's counsel following the filing of the initial motion. These documents provide further support for the claims already pled in the initial petition. AUSA McManus was told about the new documents and apparently assumed that meant a petition had been prepared and was ready to be filed.[2] This misunderstanding appears to be the source of the government's misrepresentations. In fact, an amendment has not been prepared though Movant has been diligently working on one since the court ruled in September.

7. It should go without saying that an amendment under these circumstances requires a thorough review of these thousands of documents, a thorough review of witness interviews, consultation with experts, a considered determination as to what facts should be pled in the amended petition and what should not, and if documents are to be included, where. This process will require hundreds of hours of attorney time, not to mention staff time to assemble any of these documents that will be included with the amendment.

---

[1] Movant does not seek to amend the motion in a manner that would add new claims. He understands this is not permitted under the "relation back" doctrine of pleading.

[2] This representation is based upon recent email exchanges between Counsel Foster and AUSA McManus.

8.  Counsel did not prepare an amended petition prior to the court ruling on September 20, 2016 (Dkt. #74) because counsel was seeking discovery and an extension of the right to file an amendment following discovery. Filing an amendment while the request was pending would void the request. Counsel's investigation was continuing and counsel believed then and believes now he is entitled to discovery. Preparation of an amended petition when counsel had made a good faith request for discovery pending amendment *which had been taken under advisement by the court* would have been a waste of judicial time and resources. That is not to say counsel were not actively working on this case. They were. They were continuing to investigate with the goal of filing one amended petition containing the fruits of that investigation and the requested discovery.

9.  A habeas petitioner has an automatic right to amend his petition brought pursuant to 28 U.S.C. § 2255 within 21 days of the filing of the government's response to his petition. Fed. R. Civ. Pro. 15(a).

10. Fed. R. Civ. P. 15(a) applies to habeas corpus actions with the same force that it applies to garden-variety civil cases. <u>Morris v. United States District Court</u>, 363 F.3d 891 (9th Cir. 2004); see also 28 U.S.C. §2242 (habeas petition may be amended or supplemented as provided in the rules of procedure applicable to civil actions).

11. The facts of this case must be evaluated in the context of the legal landscape surrounding amendment of pleadings. The text of the rule makes clear a court is required to freely grant a party leave to amend pleadings when justice

4

so requires.  Fed. R. Civ. P. 15(a).  Rule 15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." Oleson v. United States, 27 Fed. Appx. 566, 569 (6th Cir. 2001).  Delay alone is generally insufficient to deny leave to amend. Id. Rule 15(a) motions should not be evaluated solely on timeliness grounds.  Coe v. Bell, 161 F.3d 320, 342 (6th Cir. 1998).  "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." Tefft v. Seward, 689 F.2d 637, 689 (6th Cir. 1982).

12. Prior to the expiration of the time to amend, Movant sought discovery and an extension of the amendment deadline until discovery was complete (Dkt. # 56, 57).  Movant explained he sought a fair and orderly resolution of his case. He explained that his proposed process would result in only one amendment as opposed to numerous amendments and a piecemeal approach to the litigation.  His proposed schedule also had the benefit of requiring but a single round of briefing and thus, would save fiscal and judicial resources.

13. Prior to the expiration of the time to file an amendment, on February 10, 2016 the Court set a hearing date to consider the discovery motions and the request to stay the filing of an amendment of right pending discovery (Dkt. #60).

14. That hearing was held on March 9, 2016.  At that time, Movant argued for his proposed schedule, including a stay of the amendment of right pending discovery.  He additionally asked the court to grant some period of time – 60 days was suggested – to file the amended petition of right if the court denied

discovery.   PageID2665. There was no indication at that hearing that the court intended to deny the modest request for some limited period of time to file the amendment of right even if discovery was denied

15. The interests of justice require the court to grant the extension of the time to file an amendment of right in this case under these facts.  Before the expiration of the time for filing an amendment, Movant sought a process that would serve justice, streamline the process, and be fiscally responsible.  The court ordered argument.  The court took those requests under advisement and, then, after the time for filing had expired, denied the requests.  This is not due process.

16. The rules of court are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

17. A procedural rule "no doubt may be found inadequate when discretion has been exercised to impose novel and unforeseeable requirement without fair or substantial support in prior law."  Walker v. Martin, 562 U.S. 307, 320 (2011) (citation omitted).  It was unforeseeable to any reasonably competent counsel that under these circumstances the court would take this matter under advisement until well after the time for filing an amendment of right had expired and then deny any and all relief in the form of time to file the amendment.  The unfairness of this result is particularly dramatic here for two additional reasons: (1) this is a death penalty case where the need for heightened reliability is at its apex, and (2) this death sentence was imposed

by a federal court, and thus, unlike state imposed death sentences, Movant

has only one opportunity – this one - to investigate and develop extra-record

challenges to his conviction and/or sentence.

18. That the court took this action with false facts before it exacerbates the denial

of due process.

**WHEREFORE**, Marvin Gabrion, by counsel, move the court for an order

correcting the record in this case, and after having corrected the record, to reconsider

Movant's request to file an amended petition of right pursuant to Fed.R.Civ.P. 15(a).


**Date: November 10, 2016**                              **Respectfully submitted,**

By: /s/ Monica Foster                                    By: /s/ Joseph M. Cleary
    Monica Foster                                  Joseph M. Cleary
    Attorney for Movant                            Attorney for Movant
Business Address:                                        Business Address:
Indiana Federal Community Defenders, Inc.                Indiana Federal Community Defenders
111 Monument Circle, Suite 3200                          111 Monument Circle, Suite 3200
Indianapolis, IN 46204                                   Indianapolis, IN 46204
(317) 383-3520                                           (317) 383-3520


By: /s/ Scott Graham
    Scott Graham
    Attorney for Movant
Business Address:
SCOTT GRAHAM PLLC
1911 West Centre Avenue, Suite C
Portage, Michigan 49024
(269) 327.0585

## **VERIFICATION**

We, the undersigned, swear or affirm, under penalties for perjury that the above and foregoing are true to the best of our knowledge, information and belief.

By: /s/ Monica Foster
    Monica Foster
    Attorney for Movant

By: /s/ Joseph M. Cleary
    Joseph M. Cleary
    Attorney for Movant

By: /s/ *Scott Graham*
    Scott Graham
    Attorney for Movant