**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARVIN GABRION,                                    1:15-CV-00447

     Movant,                                      1:99-CR-76
                                                   Capital §2255 Proceedings
v
                                                   Honorable Robert Holmes Bell
UNITED STATES OF AMERICA,                          U.S. District Judge

     Respondent.                                  Movant Incarcerated at:
                                                   USP Terre Haute
                                                   Reg. No. 09184-055

**MOVANT'S MOTION FOR LEAVE TO FILE MOVANT'S FIRST AMENDED MOTION
UNDER 28 U.S.C. §2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY**

Movant, Marvin Gabrion, through counsel, moves this Court, pursuant to

F.R.Civ.P.15(a)(2), for leave to file Movant's First Amended Motion Under 28 U.S.C.

§2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

Movant's request is supported by good cause, as described below.

IN SUPPORT THEREOF, MOVANT STATES:

1.      On September 20, 2016, this Court denied Mr. Gabrion's motion seeking

leave to amend his 2255 motion as a matter of right.  That motion was filed prior to the

expiration of the time for amendment of right.  It sought discovery before the

amendment was required to be filed.

2.      The Court noted that any amendment required either the government's

consent or leave of the Court pursuant to F.R.Civ.P.15(a)(2).

3.      The government's position regarding Mr. Gabrion's request to file this

Amended Motion is, "[T]he government has been consulted and it takes the position that

it must oppose the amendments so that the Court is free to use its full discretion to allow or deny the amendments proposed."

4.      Mr. Gabrion requests this Court to grant leave to amend because he has demonstrated good cause, as shown in the memorandum to this motion and amended motion.

5.      The amended motion includes information that relates to claims contained in Mr. Gabrion's original motion.

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED MOTION UNDER 28 U.S.C. §2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Mr. Gabrion previously requested this Court for leave to take discovery before amending his timely filed Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  While his request was under advisement with this Court, his counsel continued to work on an amendment, hampered by the need to take discovery.  On September 20, 2016, this Court denied Mr. Gabrion's motion to permit discovery prior to the filing of an amendment and also opined that the time had run for filing an amendment as a matter of right.

The court continues to hold the discovery requests under advisement because they are "entwined with the merits of his claims".  Page ID2634.  The court has indicated it will rule on the discovery as it reviews the motion.  The court intends to "consider Movant's discovery requests in connection with a review of his claims."  Page ID2635. As a result, Mr. Gabrion has not been afforded the chance to amend his original motion with additional facts relating back to his claims.  He requests the Court, pursuant to F.R.Civ.P. 15(a)(2), to grant leave to file the attached amended motion.

The standard to be applied to requests for leave to amend is contained in Rule 15, which provides, "[t]he court should freely give leave when justice so requires".  Id. The Supreme Court has declared that "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). The burden is on the opposing party to show that there is reason to deny leave to amend.  In re Vitamins Antitrust Litigation, 217 F.R.D. 30, 32 (D.D.C 2003).  Fed. R. Civ. P. 15(a) applies to habeas corpus actions with the same force that it applies to garden-variety civil cases.  Morris v. United States District Court, 363 F.3d 891 (9th Cir. 2004); see also 28 U.S.C. §2242 (habeas petition may be amended or supplemented as provided in the rules of procedure applicable to civil actions).  Here, in this capital habeas proceeding, justice requires at the least a single amendment to the original motion seeking relief.  Because the death sentence was imposed by a federal court, this is Mr. Gabrion's only opportunity for collateral review. In this case, Mr. Gabrion filed a motion seeking leave to take discovery before the 21 day "amendment of right" period expired.  Counsel explained why specific discovery was required.  It would be professional malpractice for counsel to have filed an amended petition while the request for specific discovery was pending because it would have negated the request which was made in good faith and in furtherance of counsel's professional obligations to zealously represent their client, as well as, their expressed desire to efficiently and fairly resolve this matter.  As a result, counsel did not file an amended motion.  However, now that the Court has denied movant's suggested schedule for bringing this case to resolution, counsel should be allowed to amend the original motion in order to present additional relevant facts to the Court.

3

Counsel has obtained additional information supporting Mr. Gabrion's claims. This information has been used to amend the original claims. All information, and all amendments, relate back to the original claims offered by Mr. Gabrion, as required by Mayle v. Felix, 545 U.S. 644, 664 (2005). New facts are offered to support previously plead claims. No new claims are offered.

For these reasons, Mr. Gabrion has demonstrated good cause why he should be allowed to amend his motion and he requests the Court grant leave for such an amendment.

 WHEREFORE, Mr. Gabrion requests the Court to grant leave for him to file the attached First Amended Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**Dated:  December 2, 2016**                    **Respectfully submitted,**

By:  /s/ *Monica Foster*                         By:  /s/ *Joseph M. Cleary*
        Monica Foster                                    Joseph M. Cleary
        Attorney for Movant                          Attorney for Movant
Business Address:                              Business Address:
Indiana Federal Community Defenders, Inc.      Indiana Federal Community Defenders, Inc.
111 Monument Circle, Suite 3200                111 Monument Circle, Suite 3200
Indianapolis, Indiana 46204                    Indianapolis, Indiana 46204
(317) 383-3520                                 (317) 383-3520

By:  /s/ *Scott Graham*
        Scott Graham
        Attorney for Movant
Business Address:
SCOTT GRAHAM PLLC
1911 West Centre Avenue, Suite C
Portage, Michigan 49024
(269) 327-0585

**IT IS SO ORDERED**


DATE: _____         _____
                               Robert Holmes Bell, U.S. District Judge

4