# EXHIBIT 13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN CHARLES GABRION, II, )
)
    Movant, )
)
v. ) 1:15-CV-447
)
)
UNITED STATES OF AMERICA, )
) HON. ROBERT HOLMES BELL
    Respondent. )

## AFFIDAVIT OF DANIEL J. SPITZ, M.D.

Daniel J. Spitz, M.D., after first being sworn, does depose and state as follows:

1. My name is Daniel J. Spitz, M.D. I am a doctor, licensed to practice medicine in the State of Michigan. My specialty is forensic pathology and I am the Chief Medical Examiner for Macomb and St. Clair Counties, Michigan.

2. I was retained by Mr. Gabrion's current lawyers to review materials associated with the autopsy of Rachel Timmerman, as well as, the testimony of Dr. Stephen Cohle at both phases of Mr. Gabrion's trial.

3. Specifically, I reviewed Dr. Cohle's autopsy report, autopsy photos, Dr. Cohle's guilt phase testimony, and Dr. Cohle's penalty phase testimony.

4. I agree with Dr. Cohle's conclusion in the autopsy report that Rachel Timmerman's cause of death was homicidal means.

5. Based upon my review of the above items, it is my opinion that there is nothing in the available forensic evidence upon which a competent forensic pathologist could conclude that Ms. Timmerman died as a result of drowning.

6. Dr. Cohle's testimony at Mr. Gabrion's trial was that Ms. Timmerman's likely cause of death was drowning. This was not Dr. Cohle's conclusion in the autopsy report. At trial, Dr. Cohle did not testify as to any new facts or additional information that would have caused him to change his opinion. The only information upon which Dr. Cohle could have based the opinion that he expressed at Mr. Gabrion's trial appears to have come from a hypothetical question asked by the Government which assumed that Ms. Timmerman was seen alive and unbound on the shore of Oxford Lake.

7. It cannot be determined from the available forensic evidence whether or not Ms. Timmerman died before or after she entered the waters of Oxford Lake.

8. The signs of asphyxia can be subtle and are often obscured by decomposition. Ms. Timmerman's body showed advanced decomposition and thus it would be impossible to exclude that her death was caused by asphyxia prior to her body being put in the lake.

9. Based upon the available forensic evidence it cannot be excluded that Ms. Timmerman died of asphyxia before her body was put into the lake.

10. At the penalty phase of the trial, Dr. Cohle testified as to the psychological effects of drowning. While I do not disagree with this testimony, it must be remembered that Ms. Timmerman may have already been dead before she went into the water. Furthermore, there is no evidence cited in the autopsy report that establishes whether or not Ms. Timmerman was conscious when she went into Oxford Lake. If Ms. Timmerman was dead or unconscious then

she would not have experienced any of the psychological effects described by Dr. Cohle.

11. I was available to testify in February of 2002. Had I been called to testify at that time my opinions would be as they are stated in this affidavit.

Further Affiant Sayeth Not.

_____
Daniel J. Spitz, M.D.

Date:

STATE OF MICHIGAN  )
                   )
COUNTY OF Macomb   )

On November 29TH, 2016, before me, a Notary Public in and for said County, personally appeared Daniel J. Spitz, to me known to be the person described in and who executed the above MI Drivers License, and acknowledged the same to be his/her free act and deed.

_____
Notary Public

```
LYNDA MASON
Notary Public - Michigan
Macomb County
My Commission Expires Aug 22, 2019
Acting in the County of Macomb
```