**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARVIN CHARLES GABRION II,                    )
                                              )
                 Movant,                      )
                                              )
        v.                                    ) 1:15-CV-447
                                              )  HON. ROBERT HOLMES BELL
UNITED STATES OF AMERICA,                     )
                                              )
                 Respondent.                  )

---

**MARVIN GABRION'S MOTION FOR A HEARING TO DETERMINE**
**MENTAL COMPETENCE**

---

Movant, Marvin Charles Gabrion II, through counsel, moves the Court to enter a

stay of proceedings in this case and conduct a hearing in order to determine

Defendant's mental competence to assist his counsel in this case, and the need for

competence in order to allow the proper presentation of his claims.  Mr. Gabrion

contends that both a stay and a hearing are appropriate in this case because:

1.      He has a long history of severe mental illness.

2.      His condition may have deteriorated over the last 15 years while he has

been housed on death row.  His condition certainly has not improved.

3.      The question of Mr. Gabrion's competence, though questioned throughout

the pretrial and trial portions of this case, was *never* the subject of an adversarial

hearing.

4.      If the court were to set a hearing on this matter, counsel for Mr. Gabrion

would present the testimony of an experienced forensic psychiatrist who has met with

Mr. Gabrion repeatedly and has reviewed numerous records relevant to the competency question.  This expert would opine that Mr. Gabrion is currently incompetent to assist his counsel in his §2255 litigation.

5.      Appellate counsel for Mr. Gabrion will testify at a hearing that in their opinion, Mr. Gabrion was incompetent during the entirety of his direct appeal.  Mr. Gabrion's three appeal lawyers have a combined experience of over one hundred years handling capital cases.  They are each particularly experienced and educated concerning mentally ill and otherwise disabled clients.

6.      Current counsel have a good faith belief that Mr. Gabrion is currently incompetent to assist his counsel in these proceedings.  Previous counsel never submitted the competency question to the court for an adversarial determination.  Previous counsel did not have an adequate social history from which to make assessments, or to ask experts to make assessments, of Mr. Gabrion's competency.  The social history prepared by Mr. Gabrion's §2255 attorneys is incorporated here.  It demonstrates the critical information the trial team was missing and thus, the unreliability of the determinations that were made by prior mental health professionals in assessing competency.

7.      Key issues in this proceeding, including the question of whether Mr. Gabrion was denied effective assistance of counsel at the guilt and penalty phases of his trial, are based on facts and evidence found outside the record.

8.      Mr. Gabrion's assistance in developing this outside the record evidence is crucial to counsel and to a proper and reliable resolution of this cause.

9.      Counsel believe there is a reasonable probability that Mr. Gabrion can be restored to competency within the foreseeable future with proper medication, because he has responded very well to psychiatric medication in the past.

10.     This Court has the authority to enter a stay of proceedings in order to evaluate Mr. Gabrion's competence, and to determine whether counsel require his competent assistance.  Ryan v. Gonzales, 133 S.Ct. 696, 708-09 (2013)

11.     The Court should enter a stay of proceedings and order a hearing to evaluate Mr. Gabrion's mental competence.  Without Mr. Gabrion's assistance in these proceedings, there can be no reliable determination of the issues presented.

**WHEREFORE**, Movant requests the Court to enter a stay of proceedings and order a competency hearing in this case.

**Date:  January 25, 2017**                    **Respectfully submitted,**

By: /s/ Monica Foster                        By: /s/ Joseph M. Cleary
        Monica Foster                                Joseph M. Cleary
        Attorney for Movant                          Attorney for Movant
Business Address:                            Business Address:
Indiana Federal Community Defenders          Indiana Federal Community Defenders
111 Monument Circle, Suite 3200              111 Monument Circle, Suite 3200
Indianapolis, IN 46204                       Indianapolis, IN 46204
(317) 383-3520                               (317) 383-3520


By:  /s/ Scott Graham
        Scott Graham
        Attorney for Movant
Business Address:
SCOTT GRAHAM PLLC
1911 West Centre Avenue, Suite C
Portage, MI 49024
(269) 327-0585