**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| MARVIN CHARLES GABRION II, | ) |
| | ) |
| Movant, | ) 1:15-CV-447 |
| | ) |
| v. | ) |
| | ) HON. ROBERT J. JONKER |
| UNITED STATES OF AMERICA, | ) CHIEF U.S. DISTRICT JUDGE |
| | ) |
| Respondent. | ) |

---

**MARVIN GABRION'S MOTION AND SUPPORTING AUTHORITY FOR A DATE BY WHICH TO REPLY TO THE GOVERNMENT'S RESPONSE TO MARVIN GABRION'S MOTION FOR A HEARING TO DETERMINE MENTAL COMPETENCE**

---

Movant, Marvin Charles Gabrion II, through counsel, moves this Court to order that Mr. Gabrion shall have until May 23, 2017, in which to reply to the government's response on the present motion.  In support of this request, Mr. Gabrion states:

1. On January 25, 2017, Mr. Gabrion moved the Court to stay the present proceeding and conduct a hearing to determine mental competence.

2. The government responded to the motion on March 22, 2017.

3. The government's response raises several issues which require further development before the Court will be in a position to rule on Mr. Gabrion's motion. These include:

- Whether the Court may entertain Mr. Gabrion's motion as a matter of law;

- If so, the proper standard for determining the motion; and, in particular,

- Whether and what type of new evidence counsel must proffer prior to any hearing.

4. The government's citation to <u>Ryan v. Gonzales</u>, 133 S. Ct. 696 (2013), for the proposition that "there is no federal right to competency during habeas proceedings", PageID. 5004, is misleading.  <u>Gonzales</u> addressed proceedings under 28 U.S.C. § 2254, not proceedings under 28 U.S.C. § 2255, like this one.  *See* 133 S. Ct. 704 (characterizing "most federal habeas proceedings" as "backward-looking and record-based", but citing to § 2254(d) claims, in which the court considers whether an "adjudication … resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law").  Even in § 2254 proceedings, however, as the government acknowledges, the Supreme Court allowed for the exercise of discretion by a district court in issuing a stay when an incompetent defendant's assistance is required during habeas proceedings, <u>Gonzales</u>, 133 S. Ct. at 708.  *See* PageID. 5012.  Further briefing will demonstrate Mr. Gabrion's entitlement to both a hearing, and – following a hearing – a stay pending restoration of competency.

5. The government's response also makes numerous other legal and factual assertions, which we contest and seek the opportunity to brief.  Among these, the law supports applying 18 U.S.C. § 4241's framework in habeas, and § 4241(a) sets a low bar for proceeding with a hearing. The law also recognizes that defense counsel may have "the best-informed view" of the defendant's competency. *See* <u>Medina v. California</u>, 505 U.S. 437, 450 (1992).  The Court should therefore decline the government's

invitation to defer to competency determinations by mental health providers some fifteen (15) years ago in the face of the defense motion.

6.    Further, Movant does not concede that meeting § 4241(a)'s standard requires establishing, as the government suggests:

- That Movant has a new diagnosis (PageID. 5013-5014);

- That a specific course of treatment has been prescribed (id.);

- That Movant's condition has substantially deteriorated (PageID. 5016);

- That competency could not have been raised earlier (PageID. 5016-5017); or

- That Movant has a likelihood of prevailing on his § 2255 claims (PageID. 5020).

Movant wishes to address these points.  Movant is also able to brief in more detail why Mr. Gabrion is currently unable properly to assist counsel in critical aspects of the § 2255 investigation.  *Cf.* 18 U.S.C. § 4241(a).   And, Movant is prepared to advise the Court of the status of Movant's mental health investigation.  Compiling this information will require comparable time to that afforded the government in preparing its response (January to March).

In summary, the nature of the claims advanced in the government's response to Mr. Gabrion's motion for a competency hearing require briefing, on both key legal and factual issues, that will take a period of sixty (60) days.

**WHEREFORE**, Marvin Gabrion moves this Court for leave to reply to the government's response on or before May 23, 2017.  Mr. Gabrion further requests the Court to make any other appropriate adjustments to the current scheduling order.

**Date:  March 23, 2017**                              **Respectfully submitted,**

By: /s/ Monica Foster                          By: /s/ Joseph M. Cleary
      Monica Foster                                    Joseph M. Cleary
      Attorney for Movant                          Attorney for Movant
Business Address:                              Business Address:
Indiana Federal Community Defenders    Indiana Federal Community Defenders
111 Monument Circle, Suite 3200           111 Monument Circle, Suite 3200
Indianapolis, IN 46204                         Indianapolis, IN 46204
(317) 383-3520                                   (317) 383-3520


By:  /s/ Scott Graham
      Scott Graham
      Attorney for Movant
Business Address:
SCOTT GRAHAM PLLC
1911 West Centre Avenue, Suite C
Portage, MI 49024
(269) 327-0585

4