UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARVIN GABRION,

      Movant,

                                Case No: 1:15-CV-447

v.

                                Hon. Robert J. Jonker

UNITED STATES OF AMERICA,         U.S. District Judge

      Respondent.

_____/

## GOVERNMENT'S RESPONSE TO GABRION'S
## FOR A SCHEDULING ORDER, ETC. (R. 121)

In a pleading titled, "Motion for a Scheduling Order to Promote an Orderly,

Efficient, and Fair Resolution of this Death Penalty Case" (PageID.5319), Gabrion

essentially renews his request to conduct discovery in this habeas proceeding, despite

Judge Bell's ruling denying it.  The motion should be denied for the following reasons.

1.      After filing his Section 2255 motion, Gabrion requested discovery to

support his claims, including the right to take depositions, to submit interrogatories, to

make requests for admissions, and to request documents.  (ECF Nos. 51, 51-1, 58, 59 &

67.)

2.      The government opposed these motions on the basis that he had not

showed "good cause" for his requests, as required to obtain discovery in a habeas

matter.  *See, e.g., Lynott v. Story*, 929 F.2d 228, 232 (6th Cir. 1991) (discovery allowed only

if "specific allegations" before the court show reason to believe that the petitioner may,

if the facts are fully developed, be able to demonstrate that he is entitled to relief).

Specifically, the government argued that all of Gabrion's claims were insufficient as a

matter of law and discovery would serve no purpose other than to delay needlessly

resolution of the case.  The government proposed that the Court follow the procedure

ordinarily employed in habeas cases:  review and dispose of all claims that are deficient

as a matter of law; if any survive this process, consider then if discovery is appropriate.

This procedure has been followed even in death penalty cases.  *See, e.g., United States v.*

*Edward Fields*, CIV-10-115-RAW, 2011 WL 3566934, at *1 (E.D. Okla. Aug. 15, 2011). (ECF

Nos. 61 & 68.)

3.      Judge Bell held oral argument on the discovery motions and took them

under advisement.  Ultimately, Judge Bell adopted the government's recommended

approach in an order entered on September 20, 2016.  After considering the arguments

of both parties, the Court said this:  "[T]he Court will not permit discovery at this

time.  Instead, the Court will review … [Gabrion's] motion for relief and the

Government's response in full before determining whether any discovery is

warranted."  (PageID.2635.)

4.      The government requests that the Court adhere to this ruling: review and

dispose of all legally deficient claims before turning to the question of whether

discovery is appropriate.  This should dispose of all of Gabrion's challenges, eliminating

any need for discovery.  But if any claims survive this review, the Court will have the

opportunity to revisit the defense request to engage in discovery.

5.      Gabrion offers no legitimate basis for the Court to reconsider Judge Bell's ruling.  Mostly he rehashes a baseless allegation of bias against Judge Bell.  But Judge Bell's ruling was sound: then and now, Gabrion has failed to show good cause for discovery.  Gabrion's motion for discovery is replete with conclusory statements such as, "It is highly likely discovery will reveal additional facts to support claims raised by movant." (PageID.5339.)  But fishing expeditions are not permitted; there must be a legally viable claim first; even a capital defendant cannot use discovery as a vehicle to fish for one.  *E.g.*, *United States v. Sherman Fields*, 761 F.3d 443, 478 (5th Cir. 2014), *as revised* (Sept. 2, 2014) (rules governing habeas proceedings do not authorize "fishing expeditions"), *cert. denied*, 135 S. Ct. 2803 (2015).  For this and all the reasons stated above and in the government's prior briefs (PageID.2582-2587; PageID.2614-2624), Gabrion's motion seeking discovery should be denied.

Respectfully submitted,

ANDREW BYERLY BIRGE
Acting United States Attorney

Date:   June 16, 2017            /s/ *Timothy P. VerHey*
TIMOTHY P. VERHEY
Assistant United States Attorney
Western District of Michigan