**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| MARVIN CHARLES GABRION II, | ) |
| | ) |
| Movant, | ) 1:15-CV-447 |
| | ) |
| v. | ) |
| | ) HON. ROBERT J. JONKER |
| UNITED STATES OF AMERICA, | ) CHIEF U.S. DISTRICT JUDGE |
| | ) |
| Respondent. | ) |

---

**MARVIN GABRION'S EX PARTE MOTION FOR RELEASE OF MEDICAL RECORDS**
**FOR THE TIME PERIOD BEGINNING JANUARY 1, 2015**

---

Marvin Charles Gabrion II, through counsel, moves this Court to enter an order requiring the United States Bureau of Prisons ("BOP") to release to his counsel only all of his medical records for the time period including January 1, 2015 to the present. He further requests the Court to order the BOP to provide all medical records generated from this date forward on a monthly basis, again to his counsel only. Finally, he requests the Court to order the BOP to keep the existence of this Court's Order on this motion in the strictest of confidence and order that the BOP shall not disclose any aspect of the Order to the United States Attorney's Office or the Department of Justice absent an Order from this Court.

IN SUPPORT THEREOF, Mr. Gabrion states:

1.      He is housed at the USP in Terre Haute, Indiana.

2.      He has been housed at one or more BOP facilities in Terre Haute since March of 2002 and has received medical and psychological evaluation and treatment since that time.

3.      Various attorneys for Mr. Gabrion have attempted to obtain all of his medical records, including all records of mental health care treatment, for the time period beginning in March of 2002, when Mr. Gabrion was first housed at BOP facilities in Terre Haute.

4.      Multiple requests were submitted for the records under the Freedom of Information Act.

5.      Present counsel ultimately filed an action in the United States District Court for the Southern District of Indiana seeking compliance FOIA compliance.

6.      As a result of this action, medical records were provided for treatment provided to Mr. Gabrion through the beginning of February of 2015.  After the records were disclosed, the FOIA action was disposed of.

7.      It does not appear that the 2015 records produced are complete.

8.      Further FOIA requests are not practical in light of the delay inherent in all FOIA requests and in light of Mr. Gabrion's ability to request this Court for this important relief.

9.      Serious issues exist regarding Mr. Gabrion's mental state and general medical condition, some of which are being litigated in his 2255 petition and some of which are the subject of a pending competency motion.  Others – including a diagnosis of Hepatitis C – concern his medical fitness to proceed.

10.     Counsel require all of Mr. Gabrion's records in order to evaluate his condition and to determine how to proceed on his behalf.

11.     Counsel also require ongoing disclosure of newly generated records in order to monitor Mr. Gabrion's treatment.

12.     For the reasons outlined in the pleadings, these records are required in order to allow counsel to provide proper representation in this capital proceeding.

13.     In addition, the records are necessary in order to allow counsel to determine whether Mr. Gabrion is receiving adequate care as guaranteed by the Eighth Amendment.  *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976) and *Farmer v. Brennan*, 511 U.S. 825, 836 (1994).

14.     However, current examples of Mr. Gabrion's physical and mental condition demonstrate why recent records should be produced and newly generated records should be produced on a regular basis.

15.     Mr. Gabrion has suffered from a severe rash for several months and any treatment has proven to be ineffective in resolving the problem.  The rash is so uncomfortable that it distracts Mr. Gabrion in counsel's meetings with him.

16.     Counsel and their experts need to address this issue by determining the present course of treatment and evaluating whether they should make other requests on Mr. Gabrion's behalf.

17.     As the Court is aware, counsel believe that Mr. Gabrion is not competent to understand the nature of the proceedings against him and is unable to assist them in prosecuting this §2255 motion.

18.     Without release of the medical records, counsel are unaware of medications provided to Mr. Gabrion in order to treat what the BOP previously has evaluated as a Depressive Disorder and "other anxiety state."

19.     On information and belief, the BOP may have recently altered Mr. Gabrion's medications for these diagnoses and a full evaluation of the situation is

crucial.  It is possible the aforementioned rash was caused by a medication change; Mr. Gabrion has a history of responding in this manner to changes in his psychiatric medications.

20.     On information and belief, issues regarding these and other conditions have recently worsened, making it more important for counsel to receive all recent records and newly generated records.

21.     The existence of the order Mr. Gabrion requests should be held in the strictest confidence by the BOP and should not be available to the Office of the United States Attorney or the Department of Justice without an Order from this Court.

22.     Counsel for Mr. Gabrion are entitled to these records in order to properly represent him and the government's attorneys have no right to review the records unless Mr. Gabrion raises issues making them relevant to proceedings before this Court.

23.     The BOP should provide counsel with updated records every 30 days until further Order of the Court.

24.     This is not a discovery request, but rather is a request for a portion of Mr. Gabrion's own confidential health records that counsel must review and evaluate in his case.  In that connection, we attach to this motion a release of information form, signed by Mr. Gabrion.

**WHEREFORE**, Mr. Gabrion moves this Court to enter an order requiring the United States Bureau of Prisons ("BOP") to release to his counsel only all of his medical records, including all records relating to mental health evaluation or treatment, for the time period including January 1, 2015 to the present.  He further requests the Court to

order the BOP to provide all medical records generated from this date forward on a monthly basis, <u>again to his counsel only</u>.  Finally, he requests the Court to order the BOP to keep the existence of this Court's Order on this motion in the strictest of confidence and order that the BOP shall not disclose any aspect of the Order to the United States Attorney's Office or the Department of Justice absent an Order from this Court.

**Date:  June 19, 2017**                                          **Respectfully submitted,**


By: /s/ Monica Foster                              By: /s/ Joseph M. Cleary
     Monica Foster                                     Joseph M. Cleary
     Attorney for Movant                             Attorney for Movant
Business Address:                                   Business Address:
Indiana Federal Community Defenders    Indiana Federal Community Defenders
111 Monument Circle, Suite 3200           111 Monument Circle, Suite 3200
Indianapolis, IN 46204                           Indianapolis, IN 46204
(317) 383-3520                                     (317) 383-3520


By:  /s/ Scott Graham
     Scott Graham
     Attorney for Movant
Business Address:
SCOTT GRAHAM PLLC
1911 West Centre Avenue, Suite C
Portage, MI 49024
(269) 327-0585