UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN CHARLES GABRION,

   Movant,

             CASE NO. 1:15-CV-447

v.

             HON. ROBERT J. JONKER

UNITED STATES OF AMERICA,

   Respondent.

_____/

**<u>ORDER</u>**

Mr. Gabrion moves for a scheduling order that includes an opportunity for discovery (ECF No. 121).  (Counsel describes this as "Motion for a Scheduling Order to Promote an Orderly, Efficient, and Fair Resolution of this Death Penalty Case.")  Mr. Gabrion also moves, ex parte, for release of Mr. Gabrion's Medical Records (ECF No. 124).

The Court sees no basis for an ex parte filing, and no legal basis for such an ex parte filing is provided in the moving papers.  A repeated recital of a request for confidential treatment is not a legal basis.  To the contrary, as the ex parte submission recites, the general  issue of access to Mr. Gabrion's BOP treatment records has already been the subject of prior public FOIA litigation in the Southern District of Indiana.  Accordingly, the Court directs the Clerk of Court to make the ex parte filing (ECF No. 124) a public filing.

Mr. Gabrion's first motion invites reconsideration of a recent decision of Judge Bell denying discovery at this stage of the process so that the Court can focus on the legal issues already framed by the extensive briefing of the parties.  (ECF No. 74, PageID.2635.)  That decision is even more

on point now that a successor Judge has taken over the case following Judge Bell's decision to take well-deserved Senior Status.  Discovery in a Section 2255 action is not automatic and generally requires a showing of good cause.  The Court--particularly with a successor Judicial Officer--does not believe it can fairly make a call on discovery until it  weighs the substantive issues already briefed.  It may be that the Court will conclude no discovery is needed.  It may be the Court will see a need for wide open discovery.  Or the Court may see the need for limited, targeted discovery.  For now, though, the Court agrees with Judge Bell's decision to proceed in normal Section 2255 fashion, and not to open the door to discovery before assessing the legal merits of what is at issue.

The motion on medical records recites that it is not a discovery motion, which may be technically correct to the extent that it is not asking the United States Attorney's Office to produce anything.  But it is still a discovery motion in the sense that it is asking this Court to direct a third party--the BOP in this instance--to provide information that is not already part of the voluminous record of this case.  And for the same reason the Court re-affirms Judge Bell's Order on discovery generally, the Court finds there is no good cause at this time to open the door to this new information.  Moreover, to the extent the door does open, the Court sees no basis on the present record to open the door for only one side, and not the other.  This is especially true on an issue that requires Mr. Gabrion himself to provide a medical records release.  A signed release is attached to the motion, but if Mr. Gabrion's present competence is really in question, as his counsel seem to assert in some public filings, it would be odd to credit the validity of his release based only on an ex parte submission from lawyers who have publicly questioned his competence.

Accordingly, **IT IS ORDERED**:

1.    The Clerk of the Court is directed to make the ex parte filing (ECF No. 124) a public filing because counsel submitting the filing cited no legal basis for the ex parte filing, and the Courts sees no basis for it.

2.      The Motion for Scheduling Order (ECF No. 121), and the Motion for Release of
        Medical Records (ECF No. 124) are **DENIED** at this time.


Date:    June 20, 2017                        /s/ Robert J. Jonker
                                              ROBERT J. JONKER
                                              CHIEF UNITED STATES DISTRICT JUDGE