**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARVIN CHARLES GABRION II,                     )
                                               )
                    Movant,                    )  1:15-CV-447
                                               )
        v.                                     )
                                               )  HON. ROBERT J. JONKER
UNITED STATES OF AMERICA,                      )  CHIEF U.S. DISTRICT JUDGE
                                               )
                    Respondent.                )

---

**MARVIN GABRION'S RESPONSE TO THE COURT'S ORDER REGARDING**
**MOTION FOR RELEASE OF PRISON MEDICAL RECORDS (ECF No. 125)**

---

Movant, Marvin Charles Gabrion II, through counsel, responds here to the

Court's order (ECF No. 125) regarding his motion for release of medical records (ECF

No. 124).  By that order, the Court made public Mr. Gabrion's *ex parte* request for his

medical records and questioned counsel's need for the records.  We note that, were Mr.

Gabrion not in the custody of the Bureau of Prisons, this issue would not be before the

Court.  Mr. Gabrion has the authority to demand release of his confidential health

information from his care provider, and the records should be provided to his designee

at his request.  The prison's failure to release Mr. Gabrion's records – which requires

counsel to involve the Court – does not create a right of access for the government.

Indeed, the privacy interests here should not be overlooked, merely because Mr.

Gabrion resides in a prison setting.  *Cf. Strayhorne v. Caruso*, 2014 WL 916814, at *4

(E.D. Mich. Mar. 10, 2014) (Duggan, D.J.) (noting societal interest in maximizing

the protections afforded in the confidential physician-patient relationship, even where patient's medical history is at issue in a court case).

The Court should grant the requested relief and may order limited disclosure to the government at a later date, if relevant to particular proceedings.  Counsel's motion is particularly urgent, given Mr. Gabrion's current physical condition and its effect on the attorney-client relationship.

### I.      The Court may credit Mr. Gabrion's authorization for release of information.

Counsel recognize the Court's concern with the proffer of Mr. Gabrion's authorization for release of his confidential health information at the same time counsel questions his competency to proceed with litigation of his § 2255 motion.  This is not, however, the first time that Mr. Gabrion has authorized counsel to receive records on his behalf.  Counsel have represented Mr. Gabrion for over two years, and he has signed numerous releases during that time.  Prior to the current representation, Mr. Gabrion cooperated in a similar manner with former counsel.  His ability to understand and act in accord with this aspect of the representation does not mean that Mr. Gabrion fully understands and is able to assist in his defense.  *Cf. Indiana v. Edwards*, 554 U.S. 164, 175 (2008) (noting that "[m]ental illness itself is not a unitary concept. It varies in degree. It can vary over time. It interferes with an individual's functioning at different times in different ways."). Counsel's actions here are consistent with ethical representation of an impaired client.  *See* ABA Rule 1.14 (Client with Diminished Capacity) ("When a client's capacity to make adequately considered decisions in connection with a representation is diminished, whether because of minority, mental impairment or for some other reason, the lawyer shall, as far as reasonably possible,

maintain a normal client-lawyer relationship with the client.").  The ABA Rule is consistent with Michigan Rules of Professional Conduct, R. 1.14(a).

## II.      Mr. Gabrion's privacy rights trump any government interest in access to his medical records at this time.

Mr. Gabrion objects to the government being granted access to his medical records at this time for two reasons.  First, until the defense puts the information contained in the records at issue, Mr. Gabrion's confidential health information should not be provided to the government for use against him in these proceedings. Second, providing access to all of Mr. Gabrion's medical records is unnecessary and overbroad, since the records contain information about his physical health that would not pertain to the competency litigation.  For these reasons, counsel made an *ex parte* request for the records to the Court.  Although the request has now been made public, the records should nonetheless be provided only to Mr. Gabrion's counsel, per his wishes and consistent with the discovery rules and counsel's Sixth Amendment role.[1]

Mr. Gabrion has not authorized disclosure to the government, and neither Federal Rule of Civil Procedure 26 nor Federal Rule of Criminal Procedure 16 authorizes disclosure of Mr. Gabrion's medical records to the government at this time. Rule 16 requires only disclosure of records on which counsel intend to rely in its case in chief or that form the basis for a testifying expert's opinion.  *See* Fed. R. Crim. P. 16(b)(1)(A) & (C).  Rule 26 requires disclosure only of "nonprivileged" and "relevant"

---

[1] At a minimum, counsel request that the records be provided to the Court for *in camera* review, prior to disclosure to the government. *Cf. Mullins v. Toyota Mfg.*, 28 Fed.Appx. 479, 480 (6th Cir. 2002).  Another alternative is to order that formal discovery proceed in this area. *Strayhorne v. Caruso*, 2014 WL 916814, at *4 (E.D. Mich. Mar. 10, 2014) (noting that formal discovery proceedings will protect against unwarranted disclosures).

material.  *See* Fed. R. Civ. P. 26(b)(1).  Counsel anticipate that much of the information in Mr. Gabrion's medical file will not pertain to his competency, but to his physical health, and that much of the information pertaining to competency will be protected under the psychotherapist-patient privilege and not subject to disclosure this early in the litigation.  *See Jaffee v. Redmond*, 518 U.S. 1, 15 (1996) (recognizing psychotherapist-patient privilege under federal law).[2]

Meanwhile, counsel have a continuing duty to represent Mr. Gabrion on his 2255 petition and to pursue his competency claim.  Neither is possible at the moment, due to a severe, persistent skin condition, which has been troubling Mr. Gabrion unabated for months.  Recent legal visits have been consumed with discussion of the skin condition, and – last week – Mr. Gabrion *cancelled* a legal visit, due to his discomfort.  On information and belief, Mr. Gabrion has been hospitalized in the past week.  Counsel believes this hospitalization is related to his skin disorders.  Counsel require immediate access to Mr. Gabrion's medical records so that we may consult with the BOP medical staff and our own experts regarding Mr. Gabrion's symptoms and BOP's efforts at treatment, with the goal of resolving the condition and resuming our representation.

### CONCLUSION

"Courts must strike a balance between a defendant's right to obtain health information relevant to a plaintiff's claims and HIPAA's strong federal policy in favor of protecting the privacy of patient medical records."  *Strayhorne*, 2014 WL 916814, at *4 (internal quotation marks and citation omitted).  The Court's suggestion of blanket

---

[2] When a hearing is scheduled, and the parties prepare to present evidence, Mr. Gabrion's counsel may indeed disclose some material from the medical records to the government.

disclosure of Mr. Gabrion's medical information to the government – particularly when none of the defense discovery requests have been granted – fails to accomplish this balance.  Counsel therefore request that the Court order the Bureau of Prisons to provide Mr. Gabrion's medical records from January 1, 2015 to the present to counsel only.

**Date:  July 13, 2017**                                    **Respectfully submitted,**

By: /s/ Monica Foster                                       By: /s/ Joseph M. Cleary
     Monica Foster                                             Joseph M. Cleary
     Attorney for Movant                                    Attorney for Movant
Business Address:                                           Business Address:
Indiana Federal Community Defenders                         Indiana Federal Community Defenders
111 Monument Circle, Suite 3200                             111 Monument Circle, Suite 3200
Indianapolis, IN 46204                                      Indianapolis, IN 46204
(317) 383-3520                                              (317) 383-3520


By: /s/ Scott Graham
     Scott Graham
     Attorney for Movant
Business Address:
SCOTT GRAHAM PLLC
1911 West Centre Avenue, Suite C
Portage, MI 49024
(269) 327-0585

5