UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————————

MARVIN GABRION,

        Movant,

                                               Case No: 1:15-CV-447

v.

                                               Hon. Robert J. Jonker

UNITED STATES OF AMERICA,              Chief U.S. District Judge

        Respondent.

————————————————————————/

### GOVERNMENT'S RESPONSE TO GABRION'S EMERGENCY MOTION FOR RELEASE OF MEDICAL RECORDS RELATING TO CURRENT SKIN DISEASE

The government opposes Gabrion's emergency motion for release of medical records relating to his current skin disease (ECF No. 131, PageID.5364).

Gabrion's post-conviction counsel seek an order from this Court directing the "United States Bureau of Prisons (BOP) and Union Hospital or any other medical facility" to release to ex parte all of Gabrion's medical records "relating to Mr. Gabrion's current skin disease." (PageID.5366.) The motion does not identify any legal authority for this Court's exercise of its habeas jurisdiction to issue such an order. Gabrion's counsel previously sought medical records, and this Court denied the request. (ECF No. 125, PageID.5352.) Though Gabrion's counsel has filed a "response" to the Court's Order (ECF No. 129, PageID.5358), they have not identified any basis for the Court to reconsider its ruling. This Court's local rules provide that "motions for reconsideration which merely

present the same issues ruled upon by the Court shall not be granted." W.D. Mich. LCivR 7.4(a); LCrimR 47.3(a).

The latest motion, while seeking a narrower scope of relief, suffers from the same defects as the original motion. If the records are relevant to the claims Gabrion has asserted in his motion to vacate his sentence under 28 U.S.C. § 2255, then they are subject to the Court's ruling that discovery will not be permitted at this time; if, at a later date, the Court determines that Gabrion has shown good cause for his request for medical records under Rule 6 of the Rules Governing Section 2255 Proceedings, then disclosure should be made at that time to both parties.

To the extent, as appears to be the case, Gabrion's counsel seek access to the records to evaluate whether BOP has been providing adequate medical care, the request is not properly directed to this Court. Claims concerning a prisoner's current medical care are more properly directed to BOP in the first instance, and if necessary, to a court with jurisdiction over the custodian of the facility where the prisoner is housed. *See, e.g., Nasso v. United States*, No. 05-CV-1015, 2005 WL 2591870, at *2 (E.D.N.Y. Oct. 13, 2005) (construing claims concerning prisoner's medical care as arising under 28 U.S.C. § 2241, rather than § 2255, but denying relief on the basis that, under section 2241, the Court has jurisdiction "to issue writs only 'within [its] respective jurisdiction[ ]'" and "the Court lacks jurisdiction to issue a writ to the custodian of prisoners" in the district of the prisoner's confinement) (quoting *Rickenbacker v. United States*, 365 F. Supp. 2d 347, 353 (E.D.N.Y. 2005)); *United States v. Gonyea*, No. 94-80346, 2012 WL 5205874, at *2 (E.D. Mich. Oct. 22, 2012) ("As to defendant's complaints about the conditions of his confinement,

including inadequate medical care . . . such complaints are not proper under § 2255.

Should defendant wish to make such claims, he must file an action under *Bivens v. Six*

*Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971) which provides federal

inmates with a cause of action for civil rights complaints similar to § 1983."); *Tejeda v.*

*Reno*, No. 00-CIV-6338 SAS, 2000 WL 1280969, at *1 (S.D.N.Y. Sept. 11, 2000) ("Because

petitioner is claiming that the medical care he has been receiving while a federal prisoner

has been deficient, his claim clearly relates to the execution of his sentence and not its

original imposition.").

In the event that, notwithstanding the foregoing, the Court determines that an

order requiring release of the requested medical records is warranted, the government

respectfully requests that disclosure of the records be made to both parties.

Respectfully submitted,

ANDREW BYERLY BIRGE
Acting United States Attorney

Date:   July 24, 2017          */s/ Jennifer L. McManus*
                               JENNIFER L. McMANUS
                               Assistant United States Attorney
                               Western District of Michigan