# EXHIBIT 44

UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

01 FEB 26 PM 1:43

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARVIN CHARLES GABRION II,

    Defendant.

No. 1:99-CR-76

Hon. Robert Holmes Bell

## DEATH PENALTY NOTICE

The United States of America, by its attorneys, Phillip J Green, United States Attorney for the Western District of Michigan, and Timothy VerHey, Assistant United States Attorney notify the Court and the defendant pursuant to 18 U.S.C. §3593(a) that the United States intends to seek a sentence of death in this case in the event the defendant is found guilty. The government believes the circumstances of the offense charged in the indictment are such that, in the event of a conviction, a sentence of death is justified under Chapter 228 (Sections 3591 through 3598) of Title 18 of the United States Code.

The government proposes to prove the following factors as justifying a sentence of death.

    A.    <u>Statutory Proportionality Factor Enumerated under 18 U.S.C. § 3591(a)(2)</u>.

        1.    **Intentional Killing.**  The defendant intentionally killed Rachael Timmerman. 18 U.S.C. § 3591(a)(2)(A).

2. The defendant intentionally participated in an act contemplating that the life of Rachael Timmerman would be taken and she died as a result. 18 U.S.C. § 3591(a)(2)(C).

B. <u>Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c)</u>.

1. **Heinous, Cruel, or Depraved Manner of Committing Offense.** The defendant committed the offense in an especially heinous, cruel, and depraved manner. 18 U.S.C. § 3592(c)(6).

2. **Substantial Planning and Premeditation.** The defendant committed the offense after substantial planning and premeditation to cause the death of Rachael Timmerman. 18 U.S.C. § 3592 (c)(9).

C. <u>Other, Non-Statutory, Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2)</u>.

1. **Future Dangerousness of the Defendant.** The defendant is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to the lives and safety of others. See, Simmons v. South Carolina, 512 U.S. 154, 2193 (1994).

2. **Victim Impact Evidence.** The defendant's conduct deprived Rachael Timmeramn of a full life, and deprived her family of contact with her. Further, the defendant's conduct has resulted in the disappearance of Rachael Timmerman's infant daughter, Shannon VerHage, and has deprived the family of contact with her as well. See, Payne v. Tennessee, 501 U.S. 808, 825-26 (1991).

3. **Obstruction of Justice.** The defendant committed the offense with the intent to prevent the victim from providing assistance to law enforcement authorities in regard to

2

the investigation and prosecution of another offense. See, 18 U.S.C. §§ 1121(a)(2), 1510, 1512(a)(1), 1513(a)(1).

Respectfully submitted,

PHILLIP J. GREEN
United States Attorney

Dated: 2/26/01

TIMOTHY P. VERHEY
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404