UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARVIN CHARLES GABRION, II,

        Movant,

                                      File No. 1:15-cv-447

v.

                                        HON. ROBERT J. JONKER

UNITED STATES OF AMERICA,

        Respondent.

_____/

## **ORDER**

        This Court entered its Opinion, Order and Judgment denying Mr. Gabrion's § 2255 petition on October 4, 2018.  Because the United States is a party, he has 60 days to appeal under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure.  *See also* Rule 11(b) of the Rules Governing Section 2255 Proceedings.  Because this Court denied a Certificate of Appealability, he will also need to seek permission to appeal from the Circuit Court under Rule 22 of the Federal Rules of Appellate Procedure.  *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings.  Unless something intervenes to extend the time frame, Mr. Gabrion's 60-day deadline would appear to be December 3, 2018.

        Mr. Gabrion's present motion asks this Court to direct the Clerk of Court to file his Rule 59 motion *nunc pro tunc* to November 1, 2018, the 28th day after this Court's judgment, and the last day for filing a timely Rule 59(e) motion.  On that day, Mr. Gabrion did not file a Rule 59 motion.  Instead, he filed a motion seeking permission to file a Rule 59 motion with an oversized brief.  To this motion, he attached a proposed Rule 59 motion and brief.  In an order entered on November 8, 2018, the Court granted Mr. Gabrion permission to file his Rule 59 motion, docketed

his proposed Rule 59 motion and brief, and denied the Rule 59 motion on the merits.  Of course, November 8 was more than 28 days after the Court's Judgment, so the docket reflects that Mr. Gabrion did not file a timely Rule 59 motion.

Mr. Gabrion seeks to change this by having the Court direct the Clerk to treat the Rule 59 motion as though it were timely filed on November 1.  The Court does not believe it can do so. First, the duty of the Clerk is to maintain a docket that accurately reflects what really happened in the case.  And the docket presently does that, meaning there is no clerical error to correct.  Second and more compelling, Rule 6(b)(2) of the Federal Rules of Civil Procedure expressly prohibits this Court from extending the deadline for filing Rule 59 motions.  Yet what Mr. Gabrion is seeking here would effectively do just that.  In the Court's view, a *nunc pro tunc* order in this context would violate Rule 6(b)(2).  *Cf. Patterson v. Chrysler Grp., LLC*, 845 F.3d 756, 761 (6th Cir. 2017) ("[N]*unc pro tunc* orders fix clerical mistakes in old orders.  *Nunc pro tunc* orders do not revise the substance of what has transpired, backdate events, or give rise to new substantive rights, including resetting the statute of limitations.").

Mr. Gabrion relies on *Lexon Ins. Co. v. Naser*, 781 F.3d 335 (6th Cir. 2015), to suggest that the Circuit will likely consider the Rule 59 motion as timely filed even without a *nunc pro tunc* order.  In *Lexon*, unlike here, the party challenging the judgment actually did file a timely Rule 59 motion.  The District Court then entered an order striking the filing for failure to comply with local rules.  The party later cured the problem with a new filing.  The Circuit decided that the order to strike was not an order "disposing of" the Rule 59 motion under Fed. R. App. P. 4(a)(4)(A), and so the original timely Rule 59 filing kept the time to appeal open despite the order to strike and subsequent cure.  This situation is different because Mr. Gabrion never actually filed a timely Rule 59 motion.  *Lexon* is therefore distinguishable.

2

It may well be that the circumstances in this case will lead the Circuit to reach a decision analogous to *Lexon* here too.  But that is a call for the Circuit, and not for this Court.  This Court is bound by Rule 6(b)(2) and cannot extend the 28-day deadline for a Rule 59 motion, either directly or indirectly.

Mr. Gabrion characterizes his present motion as being filed in an "abundance of caution," but in fact, the safest course for him to take is to meet the most conservative appeal deadline of December 3, 2018.  Frankly, this Court did not see the potential timing risk to Mr. Gabrion until he filed his present motion.  Having now researched the risk, the Court does not believe a *nunc pro tunc* order of the District Court would cure it.  To the contrary, by granting Mr. Gabrion's motion, this Court could inadvertently increase the risk that the Circuit would find the Rule 59 motion untimely and *Lexon* distinguishable on its facts.  The good news is that Mr. Gabrion still has ample time to file an appeal before the December 3 deadline.

Accordingly, the motion to direct a *nunc pro tunc* filing of the Rule 59 motion (ECF No. 166) is **DENIED**.

Dated:      November 16, 2018              /s/ Robert J. Jonker
                                                                ROBERT J. JONKER
                                                                CHIEF UNITED STATES DISTRICT JUDGE

3