**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: September 10, 2020

Mr. Joseph Cleary
Ms. Monica Foster
Ms. Jean Elizabeth Giles
Indiana Federal Community Defenders
111 Monument Circle
Suite 3200
Indianapolis, IN 46204

Mr. Scott Graham
1911 W. Centre Avenue
Suite C
Portage, MI 49024

Ms. Jennifer Lee McManus
Mr. Timothy P. VerHey
Office of the U.S. Attorney
P.O. Box 208
Grand Rapids, MI 49501

Re:  Case No. 18-2382, *Marvin Gabrion, II v. USA*
Originating Case Nos. : 1:15-cv-00447 : 1:99-cr-00076-1

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc:  Mr. Thomas Dorwin

Enclosure

**NOT RECOMMENDED FOR PUBLICATION**
**File Name:  20a0527n.06**

**Case No. 18-2382**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MARVIN CHARLES GABRION, II, | ) | |
|     Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | **ORDER GRANTING IN PART** |
| | ) | **APPLICATION FOR** |
| UNITED STATES OF AMERICA, | ) | **CERTIFICATE OF** |
| | ) | **APPEALABILITY** |
|     Respondent-Appellee. | ) | |
| | ) | |
| _____/ | | |

**Before:  MERRITT, BATCHELDER, and MOORE, Circuit Judges.**

In 2002, following a jury trial, Marvin Gabrion was convicted and sentenced to death for murdering Rachel Timmerman on federal property in violation of 18 U.S.C. §§ 7, 111.  On direct appeal, this court affirmed his conviction and death sentence.  *United States v. Gabrion*, 719 F.3d 511 (6th Cir. 2013) (en banc).  Gabrion filed a motion in the district court to vacate, set aside, or correct a death sentence pursuant to 28 U.S.C. § 2255, raising 11 grounds for relief.  The district court dismissed the motion.  *Gabrion v. United States*, No. 1:15-cv-447, 2018 WL 4786310 (W.D. Mich. Oct. 4, 2018).  In a separate order issued the same day, the district court declined to issue a certificate of appealability.[1]  Gabrion appealed, and the case is now pending before this court for review of Gabrion's application for a certificate of appealability raising 12 grounds for relief, and

---

[1] Rule 11 of the § 2255 Rules states that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Case No. 18-2383, *Gabrion v. United States*

requests for discovery and an evidentiary hearing in the district court.  *See* 28 U.S.C.

§ 2253(c)(1)(B).  The United States filed a  response, and Gabrion filed a reply.

A certificate of appealability may be granted "only if the applicant has made a

substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see*

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  That standard is met when the movant

demonstrates "that jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to

deserve encouragement to proceed further."  *Id.*

Gabrion seeks a certificate of appealability for the following 12 claims, in addition

to requests for discovery and an evidentiary hearing in the district court:

1. New guilt and penalty phase proceedings are required due to false and misleading testimony by Chrystal Roach, false testimony by other government witnesses, and false statements by prosecutors, all of which denied Gabrion a fair trial and penalty phase;

2.  The government withheld evidence in violation of *Brady v. Maryland*;

3.  Gabrion received ineffective assistance of counsel at the penalty phase based on numerous errors and omissions by trial counsel;

4.  Gabrion was incompetent to stand trial;

5.  Gabrion is presently incompetent;

6.  Trial counsel was ineffective at the guilt phase, in part, by failing to appropriately deal with competency issues, failing to obtain funding, failing to investigate the government's case, and failing to retain investigative services;

7.  Gabrion was deprived of representation by conflict-free counsel where one of the attorneys who assisted and met with him represented a key government witness who testified against Gabrion;

8. Trial counsel was ineffective post-trial where counsel failed to properly present the claim that the jury foreperson lied during *voir dire*;

9. Gabrion was deprived of effective assistance of appellate counsel where counsel failed to raise a meritorious claim on appeal;

10.  The government failed to include necessary charges in the indictment;

11.  Executing Gabrion would violate the Eighth Amendment because he suffers from a severe mental illness; and

12.  The cumulative effect of these errors deprived Gabrion of a constitutionally adequate trial and sentencing hearing .

After careful review, we believe that reasonable jurists could debate the following four claims from Gabrion's application for a certificate of appealability:  Claim 2 (whether the government knew that the FBI's hair analysis was false or misleading, but failed to disclose that fact to defense counsel in violation of *Brady*, and the evidence is material to establishing federal jurisdiction); Claim 3 (whether trial counsel was ineffective in its mitigation investigation and presentation at the penalty phase); Claim 6 (whether trial counsel was ineffective at the guilt phase by failing to obtain funding, failing to investigate the government's case, and failing to retain investigative services); and Claim 7 (whether trial counsel was ineffective because it deprived Gabrion of representation by conflict-free counsel where one of the attorneys who assisted and met with him represented a key government witness who testified against Gabrion).

Gabrion's requests for discovery and an evidentiary hearing relating to these claims are not yet ripe for decision, and we will rule on those requests after briefing is completed.

Accordingly, we grant a certificate of appealability as to these four claims (Claims 2, 3, 6, and 7).  We deny a certificate of appealability as to all the remaining claims (1, 4, 5, 8, 9, 10, 11 and 12) because reasonable jurists could not debate the district court's resolution of these claims.  The clerk is directed to issue a briefing schedule.

It is so ordered.

- 3 -

Case No. 18-2383, *Gabrion v. United States* -

**ALICE M. BATCHELDER, Circuit Judge, dissenting.** For the reasons stated by the district court, I would deny the request for a certificate of appealability as to all claims.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk